[No. 36353. Department Two. May 9, 1963.]

*In the Matter of the Estate of* SPYROS SENDONAS.*

*Christ D. Lillions*, for appellants.

*Stanley F. Atwood*, for respondent.

WEAVER, J.—This is an appeal on a short record, from a decree of settlement of estate and distribution, entered at the conclusion of a probate proceeding.

The decedent, Spyros Sendonas, a single man, died intestate while domiciled in King County, Washington.

Two brothers and a sister of decedent predeceased him. They were residents of Greece. The appellants, residents of Greece, are children of the predeceased brothers; the respondent is an adopted child of decedent's sister, she having adopted respondent in Greece.

* Reported in 381 P. (2d) 752.

Under the adoption laws of Greece[1] an adopted child cannot inherit from collateral heirs of the adopting parent.

Under the adoption statutes of Washington,[2] as interpreted by this court,[3] an adopted child inherits from a brother of the adopter to the same extent as others in his class.

The trial court held that respondent's inheritance rights were governed by the law of Washington, and ordered distribution of estate assets per stirpes between appellants and respondent.

The sole question—one of first impression in this juris-

---

[1] The authenticity of the following excerpts from the Civil Code of Greece was established by oath of G. Ch. Calligas, Chancellor and Acting for the Consul General of Greece, in San Francisco, California, August 10, 1961:

"RESULTS (Consequences) FOR THE ADOPTING FAMILY

"Section 1579—The adopted child is in the class of a natural born child as far as the adopter is concerned. The adopter has no inheritance rights on the adopted child.

"Section 1580—A child adopted by both spouses is in the same class as a natural born child as far as they are concerned. The same holds in the case of one of the spouses adopting the child of the other.

"Section 1581—Any persons born in a direct line from such adopted child are in the same class as those born in a direct line from natural born children of the adopter.

"Except as above stated, no relationship (or kinship) is created, between the adopted child and the kin of the adopting parent, and vice versa."

[2] "*Effect of decree of adoption.* . . . the child . . . shall be, to all intents and purposes, and for all legal incidents, the child, legal heir, and lawful issue of his or her adopter or adopters, entitled to all rights and privileges, including the right of inheritance and the right to take under testamentary disposition, and subject to all the obligations of a child of the adopter or adopters begotten in lawful wedlock. . . ." (RCW 26.32.140)

"*Descent of separate real property.* . . .

"(8) The words 'issue', 'child' and 'children' wherever used in this section shall be construed to include lawfully adopted children." (RCW 11.04.020) (The statute governing descent of separate personal property incorporates the above clause. RCW 11.04.030(3).)

[3] *In re Waddell's Estate,* 131 Wash. 566, 230 Pac. 822 (1924) (inheritance from a brother of the adopter); *In re Masterson's Estate,* 108 Wash. 307, 183 Pac. 93 (1919) (inheritance by a sister by adoption). But see *Trueax v. Black,* 53 Wn. (2d) 537, 335 P. (2d) 52 (1959) and comment "Testate Succession—Rights of Adopted Children" by Lloyd W. Peterson, 35 Wash. L. Rev. 268 (1960).

diction—is whether the law of Greece (the place respondent's status was created), or the law of Washington (the domicile of decedent at the time of death and the situs of the real property), should determine the inheritance rights of respondent.

■ Although there is authority supporting both positions,[4] we believe the rules announced by the American Law Institute in Restatement, Conflict of Laws, are supported by the more cogent reasoning:

"§ 143. Effect of Foreign Adoption.

"The status of adoption, created by the law of a state having jurisdiction to create it, will be given the same effect in another state as is given by the latter state to the status of adoption when created by its own law."

"§ 247. Claim of Adopted Child to Inherit.

"Whether an adopted child is an heir and the extent to which he may inherit an interest in land is determined by the law of the state where the land is."

"§ 305. Adopted Child as Distributee.

"A person who has been made an adopted child will be treated for purposes of distribution as if he were a natural-born legitimate child of his adoptive parent if the law that regulates distribution gives such effect to adoption."

The same rules are reiterated in the Tentative Draft, Restatement of the Law Second, Conflict of Laws §§ 119, 120 (Draft No. 4; 1957) and §§ 247, 305 (Draft No. 5; 1959). The following example is given in § 119, *supra*:

"2. A, who was adopted by B in state X, claims in state Y an intestate share in the estate of B's deceased brother, C. Under the local law of X, an adopted child enjoys rights of inheritance from a collateral relative of his adoptive parent; he has no such rights under the local law of Y. Although A will be recognized in Y as the adopted child of B, he will not be permitted to share in C's estate."

[4] Cases are collected in the following annotations: "Right of adopted child to inherit from kindred of adoptive parents," 38 A.L.R. 8 (1925); 120 A.L.R. 837 (1939); 43 A.L.R. (2d) 1183 (1955); "Conflict of laws as to adoption as affecting descent and distribution of decedent's estate", 73 A.L.R. 964 (1931); 154 A.L.R. 1179 (1945).

The rules of the Restatement and the tentative draft are supported by the text writers.[5]

We conclude, as did the trial court, that while the laws of the place of adoption determine the legality of the status, the rights of an adopted child to inherit property are determined by the law of the situs of decedent's real property, and by the law of decedent's domicile with respect to personal property.

The rule is one of uniformity; all adopted children in a state should have the same rights of inheritance regardless of where they acquired their status as adopted children. See *In re Dreer's Estate*, 404 Pa. 368, 173 A. (2d) 102 (1961).

The decree of distribution is affirmed.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.

---

[5]Goodrich, Conflict of Laws (3d ed.) § 147 (1949); Leflar, Conflict of Laws § 178 (1959); Stumberg, Conflict of Laws p. 310 (1937); Ehrenzweig, Conflict of Laws (Part One) p. 184 (1959).