423 P.2d 722

**Fred L. McCLINTOCK and Harold Riddel,
Appellants,**

**v.**

**SERV–US BAKERS, a division of C. J. Pat-
terson Co., a corporation, Appellee.**

No. 1 CA–CIV 370.

Court of Appeals of Arizona.

Feb. 10, 1967.

Rehearing Denied March 8, 1967.

Review Granted March 28, 1967.

108

Riddel & Riddel, by Marilyn A. Riddel, Phoenix, for appellants.

Gust, Rosenfeld & Divelbess, by Richard H. Whitney, Phoenix, for appellee.

STEVENS, Judge.

This appeal relates to the status of an unverified, incomplete answer to a writ of garnishment and to the procedural problem concerning the right to review orders of a Justice of the Peace entered more than ten days after the entry of the judgment.

The appellants herein were the defendants in the Superior Court. They moved for a summary judgment based upon the verified complaint, the verified answer and their factual recitation as to prior events. Serv-Us moved for summary judgment conceding that there were no disputed facts. While there are some areas wherein it would have been helpful to this Court had greater detail been set forth in the record, we deem the record adequate.

McClintock filed a suit in the Justice Court against Colosi seeking a recovery of $499.99 plus interest and costs. This suit is within the Justice Court's jurisdiction. A.R.S. Section 22–201, subsec. B, amended. On 31 July 1964, judgment was entered as prayed for in favor of McClintock and against Colosi. This judgment has not been attacked. Thereafter in the Justice Court, McClintock caused two writs of garnishment to be issued and served on Serv-Us, one on 1 August 1964 and one on 21 August 1964.

The statutes in relation to writs of garnishment provide:

"§ 12–1574. Issuance, service and return of writ; corporation as garnishee

"A. The clerk or justice of the peace shall file the affidavit provided for in § 12–1573, and bond, if any, and immediately issue *a writ of garnishment* directed to the sheriff or any constable of the county where the garnishee is alleged to be, commanding him forthwith to *summon*

*the garnishee* to appear before the court out of which the writ issued within the time specified in the writ, *to answer upon oath* what, if anything, he is *indebted to defendant* and was when the writ was served, and what *effects* if any, *of defendant,* he has *in his possession* and had when the writ was served, *and what other person* if any, within his knowledge *is indebted to defendant or has effects* belonging to defendant in his possession. "B. *If the garnishee is a corporation,* the writ shall *further* command the garnishee to *answer upon oath* what *number of shares* if any, defendant owns in the corporation or owned when the writ was served, *and what interest if any, he has in the corporation* or had when the writ was served." (Emphasis supplied)

"§ 12–1579. Answer of garnishee; form

*"The answer of the garnishee shall be under oath, in writing and signed by him, and shall make true answers to the writ.* If a partnership is the defendant, or if there are more defendants than one, the garnishee shall answer as to the partnership and as to each member thereof, or as to each defendant named in the writ." (Emphasis supplied)

"§ 12–1583. Judgment by default against garnishee

*"If a garnishee fails to answer within the time specified in the writ, the court may,* after judgment has been rendered against defendant, *render judgment by default against the garnishee for the full amount of the judgment against defendant."* (Emphasis supplied)

"§ 12–1589. Controverting answer of garnishee; method and time

*"If the plaintiff* or the defendant *is not satisfied with the answer of the garnishee, he may controvert the answer* within twenty days after filing of the answer if the cause is pending in the superior court, and within five days after the filing if in a justice's court, by an affidavit in writing, signed by him or some one for him, stating that he has good reason to believe and does believe that the answer of the garnishee is incorrect, and in what particular he believes it is incorrect." (Emphasis supplied)

The writs conformed to the statutory requirements. In relation to the writ served 1 August 1964, we quote the McClintock-Riddel motion for summary judgment:

"August 4, 1964 --------- Court received and filed letter dated August 3, 1964, signed by H. H. Smith, Office Manager, stating:

'We wish to advise you that Russell J. Colosi has no funds due him at this time.'

"August 13, 1964 -------- Default judgment in favor of McClintock and against Serv-Us Bakers as garnishee-defendant entered and signed by the Court."

In relation to the writ served 21 August 1964, we quote from the same motion for summary judgment:

"August 25, 1964 -------- Court received and filed letter dated August 24, 1964, signed by H. H. Smith, Office Manager, with same contents as letter of August 3, supra.

"September 2, 1964 ------ Default judgment in favor of McClintock & against Serv-Us Bakers, garnishee-defendant entered and signed by Court."

Riddel acquired an interest in these judgments as an assignee.

The statutes relative to the right to appeal from the Justice Court to the Superior Court provide:

"§ 22–261.  Judgments which may be appealed

"A.  *Any party to a final judgment of a justice of the peace may appeal* therefrom to the superior court where the judgment or the amount in controversy exceed twenty dollars, exclusive of costs."  (Emphasis supplied)

An appeal must be taken within ten days from the date of judgment by the filing of a notice of appeal and the posting of a bond.  A.R.S. Section 22–262 amended. The McClintock-Riddel motion for summary judgment further recites:

"October 16, 1964 ------- Serv-Us Bakers through its attorney filed Motion to Set Aside Default and Default Judgment.

"January 7, 1965 -------- Oral argument on said Motion whereafter Court denied said Motion.

"January 11, 1965 ------- Serv-Us Bakers filed its Notice of Appeal and posted statutory appeal bond in the sum of $1,-095.38 with McClintock as payee and The Pennsylvania Insurance Company as Surety.

"April 14, 1965 ---------- Appeal dismissed by Superior Court after memorandums of law and oral argument thereon.

"April 26, 1965 ---------- Superior Court entered an Amended Judgment dismissing the appeal and remanding the matter to Justice Court.

"June 8, 1965 ----------- Judgment signed and filed in favor of McClintock and against the Pennsylvania Insurance Company pursuant to terms of bond issued by it."

———————◆———————

■ This Court has not received a copy of the record presented to the Superior Court or a transcript of the action taken by the Superior Court on either 14 April or 26 April.  On oral argument both parties agreed that on the last mentioned dates, the Superior Court ruled that it had no jurisdiction to entertain an appeal from the 7 January 1965 order of the Justice of the Peace.  This appears to have been a correct ruling.  The right to appeal from the Justice Court to the Superior Court is statutory.  The statutes only authorize an appeal from a "final judgment" within ten days from the entry thereof.  There is no other right of appeal in civil actions.

■ The right of appeal from the Superior Court to the Court of Appeals or the Supreme Court is much broader.  A.R.S. Section 12–2101.  There are many subsections contained in this Code section. In relation to action taken by the Superior Court there can be an appeal not only from "a final judgment" under subsection B of this section, but there may also be an appeal from "any special order made after final judgment" as specified in subsection C of this section.  Had the 7 January 1965 order of the Justice of the Peace been entered in the Superior Court there would have been a right to appeal in relation thereto.  Does this mean that once a judgment has been entered in a Justice Court and ten days has expired, the Justice Court

may thereafter commit error without the right of judicial review? We hold that the answer is in the negative.

We first determine whether the Justice of the Peace committed such error in the 13 August and 2 September judgments against Serv-Us as being in excess of the jurisdiction of the Justice Court or merely a procedural error.

The letters from Serv-Us which were received and filed in the Justice Court on 4 August and 25 August did not conform to the statutory requirements as to content or as to verification. They were timely filed. We hold that these letters were answers by the garnishee, defective as they were. McClintock could have controverted these answers pursuant to Section 12–1589. McClintock could have invoked Rule 12(e) of the Rules of Civil Procedure, 16 A.R.S., and moved for a more definite statement seeking strict compliance with statutory requirements governing answers by a garnishee.

In support of the McClintock-Riddel motion for summary judgment, an affidavit of the Justice of the Peace was filed. Therein he stated that the letters were neither answers nor appearances. This was the opinion of the Justice of the Peace as to the legal effect of the letters and is not a statement of fact which binds the trial judge or this Court on a motion for summary judgment.

The letters being answers, the Justice of the Peace was without jurisdiction to enter the default of Serv-Us in relation to the two writs or to proceed, without notice, to judgment against Serv-Us contrary to the denial of indebtedness. It is only when the judgment against the garnishee conforms to the answer of the garnishee that such judgment may be rendered without additional notice to the garnishee. A.R.S. Section 12–1585. The case of Phoenix Metals Corporation v. Roth, 79 Ariz. 106, 284 P.2d 645 (1955),

establishes the law of Arizona to be that where an answer has been timely filed a judgment entered "by default" and without notice against the answering party is void.

On 25 June 1965, Serv-Us filed the action now under consideration seeking to have the Superior Court enjoin the collection of the judgments against Serv-Us as garnishee and against Pennsylvania Insurance, as surety. Pennsylvania Insurance is not a party to the action in the Superior Court.

It is urged that the Serv-Us suit filed in the Superior Court is a collateral attack upon the two Justice Court's judgments against Serv-Us. It is urged that the validity of the judgments has been upheld on three different occasions: first, at the time they were entered; second, when the Justice of the Peace ruled on 7 January; and third, when the Superior Court dismissed the purported appeal from the 7 January order. We do not agree that this is a collateral attack. The appellants urge that the legal situation might be different had Serv-Us not appeared in the Justice Court and attacked the jurisdiction to enter the judgments. They urge that having attacked the Justice Court's jurisdiction, Serv-Us is bound thereby. We would agree with this last contention if there was a right of appeal from the 7 January 1965 order and no appeal had been taken, or had there been a proper appeal adversely decided in the Superior Court. Where, as here, there is no right of appeal, it is our opinion that the law does not close the door to judicial remedy. Serv-Us attempted to rectify the error in the Justice Court... It had no remedy by appeal. The judgments were still void for want of jurisdiction in disregarding the answers of the garnishee. The action now under consideration is a direct attack upon those judgments.

Subsection 11 of Section 14, Article VI, Arizona Constitution, A.R.S. states that

**112**

"(t)he superior court shall have original jurisdiction of: * * * Special cases and proceedings not otherwise provided for * * *". Section 18 of this Article states that "(t)he superior court * * * may issue writs of * * * prohibition * * *". We hold that the Superior Court had jurisdiction to entertain the action in question and did not commit error in enjoining the enforcement of the judgments.

■ It is further urged that Pennsylvania Insurance, not being a party to the action, was erroneously granted the protection of the injunction against the enforcement of the judgment. Pennsylvania Insurance was a proper party, not a necessary party. The Pennsylvania Insurance liability was derivative in that it was based upon the liability of Serv-Us. There is a conflict of authority as to the propriety of this phase of the Superior Court's judgment. We hold the better rule to be that when the principal is discharged from the obligation to pay, the surety guaranteeing that payment is likewise discharged. Michener v. Springfield Engine & Thresher Co., 142 Ind. 130, 40 N.E. 679, 31 L.R.A. 59 (1895).

Judgment affirmed.

DONOFRIO, J., concurs.

CAMERON, Chief Judge (dissenting).

I regret that I must dissent.

I believe that the procedure followed by the corporation in the Superior Court amounts to a collateral attack of the judgment of the Justice Court.

Further, although not raised, it should be pointed out the office manager was not known to be a member of the Bar when he attempted to represent the corporation in the Justice Court. That the resulting "answer" was defective is hardly surprising and I do not feel it unjust that the corporation should now suffer for the errors of its agent.