436 P.2d 891

**Fred L. McCLINTOCK and Harold Riddel,**
**Appellants,**

**v.**

**SERV–US BAKERS, a division of C. J. Pat-**
**terson Co., a corporation, Appellee.**

**No. 8962–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 24, 1968.

Rehearing Denied Feb. 2, 1968.

Riddel & Riddel, Phoenix, for appellants.

Gust, Rosenfeld & Divelbess, Phoenix, for appellee.

STRUCKMEYER, Justice.

This action is for an injunction brought by appellee Serv-Us Bakers against Fred L. McClintock and Harold Riddel. The superior court granted the injunction and restrained the justice court of the North-

east Phoenix Precinct of Maricopa County, Arizona, from proceeding with garnishments after default judgments which had been entered without notice to appellee. Opinion of the Court of Appeals, 5 Ariz. App. 107, 423 P.2d 722, vacated.

On July 31, 1964, appellant McClintock obtained a judgment against Russel J. Colosi, an employee of appellee. On August 1, 1964, and August 21, 1964, appellant McClintock caused writs of garnishment to be issued out of the justice court which were served upon the appellee. On both occasions, and within the time allowed by law to answer, appellee's sales manager filed letters with the justice of the peace denying any indebtedness to Colosi. The justice of the peace took the view that the letters filed with the court were neither answers nor appearances and, accordingly, without further notice, permitted appellant McClintock to take two default judgments against appellee, dated respectively August 13 and September 2, 1964. Thereafter, appellee moved in the justice court to set aside the first default, which motion was denied.

On January 11, 1965, within four days after the motion to set aside was denied, but more than ten days after the dates of the judgments, appellee filed its notice of appeal to the Maricopa County Superior Court and posted the statutory appeal bond with appellant McClintock as payee and the Pennsylvania Insurance Company as surety. On April 14, 1965, the superior court dismissed this appeal on the ground that the rules of Civil Procedure do not provide for an appeal from a denial of a motion to set aside a default. See Rueda v. Galvez, 94 Ariz. 131, 382 P.2d 239. The superior court took the position that an appeal from the justice court to the superior court should have been taken within ten days from the date of the original default judgments entered approximately five months earlier, and could not be taken within ten days after the order denying appellee's motion to set aside the default judgments. See A.R.S. §§ 22–261, 22–262.

The superior court, being of the opinion that it had no jurisdiction to hear the appeal, thereupon remanded the case to the justice court.

Appellant McClintock and his assignee, appellant Harold Riddel, threatened to execute on the default judgments and also on a judgment obtained by McClintock in the justice court against appellee's surety on the appeal bond, the Pennsylvania Insurance Company; whereupon the present suit for a permanent injunction was filed to restrain appellants from executing upon either of the judgments. The superior court held that the letters filed with the justice of the peace were appearances and enjoined execution on the judgments on the ground that they were void. Execution of the judgment obtained against the Pennsylvania Insurance Company on the appeal bond was also restrained although the insurance company was not joined as a party to the action. The Court of Appeals, Division One, affirmed the judgment of the superior court, holding that the letters filed by appellee in the justice court were answers. This is not a correct statement of the law and if allowed to stand will result in confusion. Accordingly, we accepted review.

A.R.S. § 12–1574, subsec. B, provides:

"B. If the garnishee is a corporation the writ shall further command the garnishee to *answer upon oath* what number of shares, if any, defendant owns in the corporation or owned when the writ was served, and what interest if any, he has in the corporation or had when the writ was served." (Emphasis supplied.)

Patently, the letters filed with the justice of the peace do not conform to the statutory requirement that the corporate garnishee *shall answer under oath;* and, therefore, they do not qualify as answers.

Rule 55(b), Rules of Civil Procedure, 16 A.R.S., provides:

" * * * If the party against whom judgment by default is sought has ap-

peared in the action, he or, if appearing by representative, his representative, shall be served with written notice of the application for judgment at least three days prior to the hearing on such application."

Under the provisions of this rule, no judgment by default may be entered against a defendant who has appeared unless he is given notice of the application for judgment.

An appearance is defined as:

"A defendant 'appears' when he gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him or has his appearance entered in open court. But a general appearance that will be fully effective to submit the defendant to the jurisdiction of the court is often made otherwise than by the formal method prescribed by statute or by rules of practice. *In determining the character of an appearance, the court will always look to matters of substance rather than form, and a party's conduct, as well as other circumstances are to be considered in determining whether he has actually appeared.*" 5 Am.Jur.2d, Appearances, p. 491, § 14. (Emphasis supplied.)

The letters of the corporation denying liability constitute a sufficient appearance in the justice court to compel a compliance with Rule 55(b), supra. Cf. Dalminter, Inc. v. Jesse Edwards, Inc. (D.C., Tex.), 27 F.R.D. 491.

In Rogers v. Tapo, 72 Ariz. 53, 57, 230 P.2d 522, 525, we said:

"An appearance does not prevent a party from being in default for failure to plead or otherwise defend, 3 Moore's Fed.Pr., sec. 55.01, but in order for a plaintiff to secure a default judgment against a defendant it is incumbent upon plaintiff to give the three day written notice of application for judgment required under section 21–1206, Rule 55(b), supra. [Citation of cases.] In Montgomery's Manual of Federal Jurisdic-

tion and Procedure (4th ed.), sec. 287, it is stated: 'If the defendant has not appeared, a default may be entered hereunder. (Rule 55(b) (2)). If he has appeared, a default judgment may be obtained only by application to the court; and his opponent must cause him to "be served with written notice of the application for judgment at least three days prior to the hearing on such application." *If judgment has been entered without notice, a reversal must be ordered.* (Emphasis supplied.) And see 3 Moore's Fed.Pr., sec. 55.02.' "

Appellants urge that the justice of the peace court had jurisdiction to determine this matter and, consequently, the action in the superior court was a collateral attack. There is no magic to be promoted by the incantation of the word "jurisdiction." The judgments in the justice court were void. Phoenix Metals Corp. v. Roth, 79 Ariz. 106, 284 P.2d 645, is directly applicable and controls the decision in the present case. There, in discussing Rule 55(b), we said:

"We are of the opinion that the judgment entered in the instant case is likewise void, and being void may be attacked at any time, * * *.

* * * * * *

"Under the provisions of this rule, no judgment by default may be entered against a defendant who has appeared —as by timely filing an answer—unless he is given notice of the application for judgment. It seems obvious that failure to give this notice is a deprivation of the 'due process of law' guaranteed citizens by the Arizona and United States Constitutions." 79 Ariz. 106, 109, 284 P.2d 645, 647.

The judgment of the justice court, being void because of the lack of notice, is a nullity and may be attacked at any time in any proceeding.

We note one further point. Appellee in its complaint in the superior court prayed for relief against appellants to en-

join them from executing upon any judgment obtained against any surety of appellee's, including the Pennsylvania Insurance Company. Manifestly and justifiably, in order to grant complete relief, the order of the superior court enjoining appellants in conformity with this prayer was proper.

Judgment affirmed.

McFARLAND, C. J., UDALL, V. C. J., and BERNSTEIN and LOCKWOOD, JJ., concur.