[No. 9349-5-I. Division One. August 4, 1982.]

R. R. GABLE, INC., *Appellant,* v. DALE BURROWS, ET AL, *Respondents.*

*Zylstra, Beeksma & Waller* and *Christon C. Skinner,* for appellant.

*Kenneth Manni* and *Jacob Cohen,* for respondents.

RINGOLD, J.—R. R. Gable, Inc., appeals a judgment vacating and refusing to enforce a California default decree obtained against Dale and Lynn Burrows. We affirm the trial court's refusal to enforce the California judgment.

On February 2, 1979, the Burrows, residents of Washington, were served with a copy of a California summons and complaint filed by Gable. The action sought payment of a commission allegedly owed to Gable. In response, the Burrows sent a letter to the Los Angeles County Superior Court denying the allegations in the complaint. They stated that the commission was contingent on their receiving a loan on the property in question and their loan application was rejected. The clerk of the court refused to file this letter as an answer and sent the Burrows a standard form letter informing them that they must comply with certain requirements concerning the filing of an original *will.* The Burrows returned their previous letter, stating in a new letter that the court's response did not seem to apply to their situation. The clerk of the court again refused to accept their letter as a formal answer and informed the Burrows by mail that they must prepare their answer on 28 line pleading paper and pay a $36 appearance fee. The clerk's letter also informed the Burrows that if their answer were not filed within 30 days from the date they were served, a default could be taken. In response, the Burrows stated they could not afford to comply, and they requested that the 28 line pleading paper and appearance fee requirements be waived. They mailed this request on March 17, 1979.

The trial court found that the clerk of the court refused to waive the pleading paper and appearance fee requirements and apparently refused to file the Burrows' answer. The court also found that the clerk never returned the

answer to the Burrows, and they assumed it had been filed. On November 28, 1979, Gable received a default judgment in the sum of $5,117.69. No notice of the request for the entry of the default judgment was given to the Burrows.

On December 20, 1979, Gable filed the California judgment with the Island County Superior Court clerk pursuant to the Uniform Enforcement of Foreign Judgments Act, RCW 6.36. The trial court granted the Burrows' motion to vacate the foreign judgment on the ground that they were denied due process of law by the failure of the California court to file their answer and waive the appearance fee and pleading paper requirements. Although not included in the written findings and conclusions, the court stated in its oral opinion that its decision was also based upon the failure to give the defendants notice of the request for a default judgment.

Gable contends that the full faith and credit clause of the United States Constitution[1] requires every state to give a judgment at least the res judicata effect the judgment has in the state which rendered it and the trial court erred by refusing to enforce a California judgment that was entered by a court having both personal and subject matter jurisdiction. *Durfee v. Duke,* 375 U.S. 106, 11 L. Ed. 2d 186, 84 S. Ct. 242 (1963); *Williams v. Steamship Mut. Underwriting Ass'n,* 45 Wn.2d 209, 273 P.2d 803 (1954); *Industrial Fin. Co. v. Lovell,* 9 Wn. App. 829, 515 P.2d 1304 (1973). Gable overlooks certain exceptions to the broad general rule of recognition mandated by the full faith and credit clause. One such exception is for judgments rendered in violation of the due process requirement that a defend-

---

[1]Article 4, section 1 of the United States Constitution provides: "Full faith and credit shall be given in each state to the . . . judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such . . . proceedings shall be proved, and the effect thereof."

In 28 U.S.C. § 1738, Congress has exercised its constitutional authority to prescribe the effect of judicial decisions. The statute provides in relevant part: "[J]udicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of [the] State . . . from which they are taken."

ant receive adequate notice and be given a meaningful opportunity to be heard. *Griffin v. Griffin,* 327 U.S. 220, 90 L. Ed. 635, 66 S. Ct. 556 (1945); *Perry v. Perry,* 51 Wn.2d 358, 318 P.2d 968 (1957). Thus, even though the California court had jurisdiction over the parties due to adequate notice of the complaint, the judgment is not entitled to full faith and credit if the defendant was denied a meaningful opportunity to defend against the claim upon which the judgment is based. Restatement (Second) of Conflict of Laws § 25, comment *h,* & § 104 (1969); *see Overmyer v. Eliot Realty,* 83 Misc. 2d 694, 371 N.Y.S.2d 246, 259 (1975).[2]

Gable next contends that the procedural irregularities alleged here do not amount to a violation of constitutional due process. It is Gable's view that due process does not address the question of whether the letters mailed by the defendants should be treated as an appearance by the California court. Contending that a party may not attack another state's judgment on the basis of this type of procedural irregularity, Gable argues that unless the judgment has been suspended or set aside by the jurisdiction rendering it, it must be enforced in Washington. *Allard v. La Plain,* 147 Wash. 497, 266 P. 688 (1928), *cert. denied,* 280

---

[2]Restatement (Second) of Conflict of Laws § 104 (1969) states:

"A judgment rendered without judicial jurisdiction or without adequate notice or adequate opportunity to be heard will not be recognized or enforced in other states." Comment *a* to this provision refers to Restatement (Second) of Conflict of Laws § 25 (1969). Comment *h* to section 25 provides:

"If the defendant was denied a reasonable opportunity to be heard, a judgment rendered against him will be void in the state of rendition itself, if this state is a State of the United States, and in any event will not be recognized or enforced in other states. This will be true even though the state had judicial jurisdiction over the defendant and even though he was given proper notice of the action. Notice to a defendant of the claim which is being made against him is of no value to him if he is denied the opportunity to defend against the claim. This may happen when in the particular action the conduct of the court is so flagrant as to deny the defendant the opportunity to be heard, such as when the court arbitrarily strikes out an answer which the defendant makes to the claim and renders judgment against him. The same is true when, although the defendant is given notice of the action, a judgment is rendered against him so shortly thereafter that he has no adequate opportunity to interpose a defense."

U.S. 527, 74 L. Ed. 594, 50 S. Ct. 88 (1929); *Jones v. Roach,* 118 Ariz. 146, 575 P.2d 345 (Ct. App. 1977).

 Gable has not assigned error to the trial court's findings of fact and we are bound by the unchallenged findings. *Hindquarter Corp. v. Property Dev. Corp.,* 95 Wn.2d 809, 631 P.2d 923 (1981). It is therefore the established fact of this case that the California trial court did not inform the Burrows of its denial of their request to waive the filing fee and the pleading paper requirement. It is also an established fact that the California court did not return the Burrows' papers and never informed them that it had failed to file their letter as an answer. We hold that the constitutional right to a meaningful opportunity to be heard was violated by these procedures. *See McClintock v. Serv–Us Bakers,* 103 Ariz. 72, 436 P.2d 891 (1968); Restatement (Second) of Conflict of Laws § 25, comment *h* (1969). As held by our Supreme Court in *Esmieu v. Schrag,* 88 Wn.2d 490, 563 P.2d 203 (1977), an order is void as violative of due process where based on a hearing for which there was not adequate notice or an opportunity for a party to be heard.[3]

 We recognize that due process permits a default judgment against a nonanswering defendant to be entered without additional notice on the theory that a properly served defendant has been given adequate notice to allow an intelligent decision on whether to appear or default. Ordinarily, having been given notice of the action, the defendant may elect to acquiesce in a default because of the security of knowing the judgment cannot exceed the demand in the complaint. *Sheldon v. Sheldon,* 47 Wn.2d

---

[3]*Allard v. La Plain,* 147 Wash. 497, 266 P. 688 (1928), does not support a contrary result. It gave full faith and credit to a sister state judgment that was challenged as fraudulent due to alleged perjury. It had nothing to do with whether the full faith and credit clause permits a court to refuse to enforce a judgment entered without giving the defendant a meaningful opportunity to be heard. *Jones v. Roach,* 118 Ariz. 146, 575 P.2d 345 (Ct. App. 1977) (refusal to vacate for alleged mistake, inadvertence, surprise or excusable neglect) is similarly irrelevant to the due process issue here.

699, 289 P.2d 335 (1955); *Rippe v. Doran,* 4 Wn. App. 952, 486 P.2d 107, 45 A.L.R.3d 1330 (1971). This rationale does not apply here because the defendants took action to contest the complaint and were denied notice of the refusal to file their answer and were not given a meaningful opportunity to be heard. Restatement (Second) of Conflict of Laws, *supra.* Regardless of whether their letters constituted a properly filed answer in California, they revealed the Burrows' decision to contest the allegations in the complaint. The defendants accordingly had a due process right to notice of the refusal to waive filing requirements and other steps in the proceedings which could substantially affect their interests. *Griffin; Esmieu; Perry; Kesler v. Prichard,* 362 Mass. 132, 284 N.E.2d 602 (1972); *McClintock.*

Affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.

Reconsideration denied September 9, 1982.

Review denied by Supreme Court December 3, 1982.