[No. 7410-9-II.  Division Two.  May 14, 1986.]

THE STATE OF WASHINGTON, *on the Relation of Karen Lynn Eaglin, Respondent,* v. MICHAEL JOE VESTAL, *Appellant.*

*Richard F. DeJean,* for appellant.

*William H. Griffies, Prosecuting Attorney,* and *Barbara L. Corey–Boulet, Deputy,* for respondent.

REED, J.—Michael Joe Vestal was the respondent in Washington to a petition for child support under the Uniform Reciprocal Enforcement of Support Act. The State brought the action on behalf of the child's mother, who initiated the petition in Indiana to enforce an Indiana court order adjudging Vestal to be the father of the child and ordering support. The Pierce County Superior Court ruled in favor of the mother after refusing to entertain Vestal's Fourteenth Amendment due process challenge to the jurisdiction of the Indiana court. Vestal, who denied paternity, was attempting to show that he had not been personally served and had thereby been denied an opportunity for a hearing in the paternity suit. We reverse and remand for a hearing on that defense to the enforcement of the Indiana judgment.

On December 13, 1979, Karen Lynn Eaglin petitioned the Circuit Court for Jefferson County, Indiana, to establish the paternity of her child, Heather Marie Eaglin, born June 26, 1979. On December 14, 1979, the sheriff of Jefferson County filed a return of service of summons, reporting that he had personally served a summons in Indiana on the putative father, Michael Joe Vestal, on December 14, 1979. On February 7, 1983, somewhat over 3 years later, the Indiana court entered a default judgment against Vestal, declaring that he was the father of Heather, and ordering payment of $25 per week in child support.

The following day, February 8, 1983, Eaglin filed a petition in the same court under Indiana's Uniform Reciprocal Enforcement of Support Act (Ind. Code Ann. §§ 31-2-1-1 to -39 (Burns 1980)), which is substantially similar to Washington's version (RCW 26.21). *See* the Uniform Reciprocal Enforcement of Support Act (URESA, 1950 act, as amended in 1952 and 1958), 9A U.L.A. 747-801 (1958) (hereinafter cited as URESA).[1] Eaglin supported her petition with an uncertified copy of the Indiana default judgment of paternity and support order. Eaglin attested that she believed Vestal was then living in Sumner, Washington. The Indiana trial court transmitted the petition to the Superior Court for Pierce County.[2] The Pierce County prosecuting attorney brought a Washington URESA action against Vestal, *see* RCW 26.21.110. Vestal filed an answer denying that he was Heather's father and asserting that he had never been served with the Indiana process in 1979. A superior court commissioner, however, refused to consider this defense and recognized the validity of the adjudication of paternity made by the Indiana court. The commissioner granted a judgment for back support and ordered Vestal to pay child support in the future in the amount ordered by

---

[1]Neither *Washington* nor *Indiana* has enacted the Revised URESA, referred to as RURESA. *See* 9A U.L.A. 643-746 (1968).

[2]The Indiana URESA required that the court in Indiana, the initiating state, determine whether the petition set forth facts from which it might be determined that the respondent owed a duty of support and that a court of the responding state might obtain jurisdiction of the defendant or his property. If it so found, it must certify those determinations, and transmit the petition, its certification, and a copy of the Indiana URESA to the court of competent jurisdiction in the responding state. Ind. Code Ann. § 31-2-1-14 (Burns 1980); *cf.* RCW 26.21.100.

The certification form employed by the Indiana court is a standardized 1965 product of a committee of the National Conference on Uniform Reciprocal Enforcement of Support. *See* W. Brockelbank, *Interstate Enforcement of Family Support (The Runaway Pappy Act)* 180 (2d ed. 1971). However, we observe that this standard form in no way certifies the findings required by the statute. Instead it merely states that in the opinion of the court of the initiating state "the respondent should be compelled to answer such petition and be dealt with according to law." *See* W. Brockelbank, at 195-96. No reason for this failure to implement the facial requirements of the uniform act is apparent.

the Indiana court. Vestal moved for revision of the commissioner's order (RCW 2.24.050), while continuing to seek a hearing on his defenses. In response, the State filed the Indiana sheriff's return on service of process. The superior court judge provisionally denied Vestal's motion, permitting him to argue the authority of the court to collaterally review the validity of the Indiana judgment. After consideration of argument on this question, but without hearing any testimony or taking additional evidence from Vestal on the underlying defense, the trial court granted full faith and credit to the Indiana judgment and denied the motion to revise the commissioner's order.

By her petition Eaglin was attempting to employ the 2–state civil suit remedy of URESA.[3] Through the 2–state suit, Washington as a responding state is called on to enforce "any duty of support imposed or imposable by law, or by any court order, decree or judgment". RCW 26.21-.010(6). If the duty has not previously been "imposed" by a foreign order, Washington must determine on the basis of its own law whether a respondent owes any duty of support (that is, whether the duty is "imposable" under local law), and, if so, what the amount should be. RCW 26.21.060; *Davidson v. Davidson,* 66 Wn.2d 780, 786, 405 P.2d 261 (1965). However, when the duty has already been imposed by a foreign court, the petitioner seeks no change in the support already ordered, and the respondent offers no reason under local law to modify the foreign order, the Washington court is called upon only to grant full faith and credit to the foreign order and to enforce it.[4] The use of

---

[3]Eaglin could, in the alternative, have *registered* the Indiana support judgment in the Washington court. The judgment would then be enforced as if it had been originally entered here. RCW 26.21.270; *see* URESA § 38, 9A U.L.A. 799–800 (1958); *see also Minnesota ex rel. Burleigh v. Johnson,* 31 Wn. App. 704, 707, 644 P.2d 732 (1982).

[4]Although the responding state's court may modify an earlier foreign judgment, the court does not, in so doing, violate the requirement that it grant full faith and credit to the foreign judgment, *see* U.S. Const. art. 4, § 1, because any new order in the responding state does not supersede any other order of support.

the URESA 2-state civil suit, instituted by petition to enforce an existing support order without modification, has only rarely concerned appellate courts. For this we have no explanation. See footnote 3. Nevertheless, we conclude that the uniform act was drafted and enacted in full contemplation of this option. *See* W. Brockelbank, *Interstate Enforcement of Family Support (The Runaway Pappy Act)* 38, 65 (2d ed. 1971); *D.L.M. v. V.E.M.*, 438 N.E.2d 1023, 1028 (Ind. Ct. App. 1982).

If the foreign court had jurisdiction of the parties and of the subject matter, and the foreign judgment is therefore valid where it was rendered, a court of this state must give full faith and credit to the foreign judgment and regard the issues thereby adjudged to be precluded in a Washington proceeding. U.S. Const. art. 4, § 1; *In re Rankin*, 76 Wn.2d 533, 535, 458 P.2d 176 (1969); *Williams v. Steamship Mut. Underwriting Ass'n*, 45 Wn.2d 209, 213, 273 P.2d 803 (1954).

However, whenever a court is called upon to grant full faith and credit to the judgment of a foreign court, the opposing party must have the opportunity to show that the foreign judgment would not be entitled to recognition in the foreign state itself. The respondent may raise the defense that the foreign judgment was procured in violation of due process and therefore *not* valid where it was rendered, because it was based upon a hearing for which there was not adequate notice or an opportunity to be heard. *R.R. Gable, Inc. v. Burrows*, 32 Wn. App. 749, 753, 649 P.2d 177, *review denied*, 98 Wn.2d 1008 (1982), *cert. denied*, 461 U.S. 957, 77 L. Ed. 2d 1316, 103 S. Ct. 2429 (1983); *see also* Restatement (Second) of Conflict of Laws § 105 (1969); *accord, D.L.M. v. V.E.M., supra.*

A hearing for the purpose of raising this or any other defense is contemplated by and provided for in URESA. RCW 26.21.110(2). If evidence constituting a defense is

---

RCW 26.21.190; *Jaramillo v. Jaramillo*, 27 Wn. App. 391, 394–95, 618 P.2d 528 (1980), *review denied*, 95 Wn.2d 1004 (1981).

presented, the court must continue the hearing in order that the State and petitioner may present evidence to rebut that defense. RCW 26.21.116; URESA § 21, 9A U.L.A. 786–87 (1958). Neglecting these statutory provisions, the trial court did not allow Vestal even to attempt to show that the Indiana judgment of paternity was invalid and hence a judgment that Washington would not enforce.[5]

The court erred and reversal is required. We recognize that granting the opportunity to raise such a defense may frustrate swift adjudication of the petitioner's right to support. This is unfortunate and undesired, but URESA clearly contemplates possibly protracted interstate proceedings if the respondent raises any valid defenses. *See* RCW 26.21.116. Such proceedings would in all probability require deposition or interrogatory testimony. *See* Fox, *The Uniform Reciprocal Enforcement of Support Act,* 4 Fam. L. Rep. (BNA) Monograph 4, at 4017, 4022 (May 2, 1978).

In sum, Vestal is entitled to a meaningful hearing at which both he and the State may present evidence concerning the validity of the Indiana judgment, insofar as it purports to determine paternity and thus a duty to support under Washington law. Should the trial court find the Indiana decree invalid, it should then address the question of paternity to determine if Vestal nevertheless owes a duty of support to Heather.

---

[5]Washington, as we have observed in footnote 1, has not enacted RURESA. However, we read section 23 of that revised act as clarifying the defenses available to the respondent in precisely the factual situation before us:

> If the [petition] action is based on a support order issued by another court a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity . . . or to a defendant in an action or a proceeding to enforce a foreign money judgment.

Revised Uniform Reciprocal Enforcement of Support Act (RURESA) § 23, 9A U.L.A. 711 (1968), in relevant part. In addition to the question of paternity itself, the defenses maintainable are those such as due process violation, nonfinality, or lack of subject matter jurisdiction. *See generally* E. Scoles & P. Hay, *Conflict of Laws* §§ 24.14.–.32, at 937–61 (1982). We understand this provision of RURESA as merely clarifying the fact that these defenses may be raised; we do not regard this provision as granting defenses not already inherent in URESA.

We find it unnecessary to address other errors assigned by Vestal.

The judgment and orders of the trial court are reversed and the matter is remanded for further proceedings consistent with this opinion.

WORSWICK, C.J., and ALEXANDER, J., concur.

Review denied by Supreme Court July 8, 1986.