[No. 18983-2-I.   Division One.   December 28, 1987.]

*In the Matter of the Estate of*
PAUL L. WAGNER.

*Dennis Jordan,* for appellant.

*Lee B. Tinney, H. Scott Holte, Anderson, Hunter, Dewell, Baker & Collins, P.S.,* and *Quinton D. Christensen,* for respondent.

SWANSON, J.—Nancy Moulton Gutierrez appeals the superior court summary judgment order which dismissed her petition as a pretermitted child seeking her intestacy share of the estate of Paul L. Wagner, her natural father. She claims that the trial court erred in giving full faith and credit to the Oregon Court of Appeals decision which reinstated and validated the decree of Gutierrez's adoption and to the Oregon Supreme Court order which denied review of the Oregon Court of Appeals decision.

Wagner, a Snohomish County, Washington, resident, died on July 26, 1983, and his last will and testament was admitted to probate on August 9, 1983. Wagner is the natural father of Gutierrez, who was born on March 6, 1935, in Portland, Oregon, to Lois Moulton Lee. Gutierrez's natural parents were not married at the time of her birth. To conceal Lee's identity, Gutierrez's birth record falsely states that she was born to Mr. and Mrs. R. S. Wilson, Jr.

Since Wagner's will did not name or provide for Gutierrez, on April 17, 1984, she filed a petition as a pretermitted heir seeking her intestacy share of his estate under RCW 11.12.090. However, since pursuant to a 1939 Oregon decree Gutierrez was adopted by her natural maternal grandfather and his wife, Arthur and Helen Moulton, Gutierrez's adoption was raised as an affirmative defense under RCW 11.04.085 by the personal representative of Wagner's estate.

Lois Lee, Gutierrez's natural mother, filed in an Oregon court a petition to vacate the adoption decree based upon a lack of consent to the adoption and of notice of the adoption proceeding. The facts of Gutierrez's adoption are set

forth as follows in the Oregon Court of Appeals unpublished opinion issued upon an appeal of the Oregon trial court's decision vacating the adoption decree:

> In 1939, Arthur and Helen Moulton adopted Nancy. Their petition for adoption alleged generally that Nancy was the daughter of Mr. and Mrs. Robert S. Wilson, Jr., that the father had abandoned her, that his whereabouts were unknown and that it was in the best interests of Nancy that she be adopted by the Moultons. Arthur's accompanying affidavit supported the allegations in the petition. The petition was also accompanied by a written consent to the adoption signed "Mrs. Robert S. Wilson, Jr." The state Public Welfare Commission filed a report with the adoption court which stated that, in an interview, Arthur had said that Nancy had in fact been born to his daughter Lois, that the father of the child was unknown and that the birth records indicating otherwise were incorrect. It also stated that Arthur reported that he had received the mother's written consent to the adoption. The court nevertheless entered the decree of adoption on December 22, 1939.
>
> Lois in fact had never consented to the adoption, nor did she receive notice of the adoption proceedings. The signature on the purported consent was not hers. When Arthur died in 1947, Helen Moulton told Lois about the adoption. Lois asked the judge who signed the decree about the adoption, and he told her that she could have it set aside but that it probably would be pointless, because Nancy hated her. Lois did not challenge the adoption until she filed this action in 1984.

*In re Adoption of Wilson,* cause CA A33411 (Or. Ct. App. Oct. 30, 1985).

The Oregon trial court vacated the adoption decree on grounds that it was void due to a lack of consent from and notice to the biological parent. The Oregon Court of Appeals reversed the trial court and ordered the adoption decree's reinstatement based upon its determination that under Or. Rev. Stat. § 109.381, the adoption decree, in spite of any jurisdictional defects, was conclusively presumed to be valid and binding on all persons after August 5, 1960, and that the statute, which set a reasonable limitation

period for challenging an adoption decree, was constitutional. The Oregon Supreme Court denied a petition for review of the Court of Appeals decision.

The Washington proceeding had been stayed pending the Oregon appeal, and the Washington trial court granted the summary judgment motion of the personal representative of Wagner's estate following the Oregon Supreme Court's denial of review of the Court of Appeals decision.

The sole issue presented by Gutierrez's appeal is whether the 1939 Oregon adoption decree is binding upon a Washington probate court such that the appellant is a "lawfully adopted child" who is precluded from asserting a claim as a pretermitted heir of a natural parent under RCW 11.04.085.

In Washington

> while the laws of the place of adoption determine the legality of the status, the rights of an adopted child to inherit property are determined by the law of the situs of decedent's real property, and by the law of decedent's domicile with respect to personal property.

*In re Estate of Sendonas*, 62 Wn.2d 129, 132, 381 P.2d 752 (1963). Wagner, Gutierrez's natural father, was a Washington resident when he died, and it is undisputed that Gutierrez's inheritance rights, if any, as to Wagner's estate are governed by Washington law.

Gutierrez seeks a pretermitted heir's share of Wagner's estate pursuant to RCW 11.12.090, which provides:

> If any person make his last will and die leaving a child . . . not named or provided for in such will, . . . every such testator, as to such child . . . not named or provided for, shall be deemed to die intestate, and such child . . . shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate . . .

*In re Estate of Couch*, 45 Wn. App. 631, 633, 726 P.2d 1007 (1986).

■ The respondent asserts a defense of Gutierrez's adoption under RCW 11.04.085, which states: "A lawfully adopted child shall not be considered an 'heir' of his natural parents for purposes of this title." *See In re Estate of*

*Couch, supra.* Since a decree of Gutierrez's adoption was entered in Oregon, the question is whether the decree is valid and binding as determined by Oregon law such that it should be given full faith and credit[1] by the Washington courts and consequently bars Gutierrez's pretermitted heir's claim.

> If the foreign court had jurisdiction of the parties and of the subject matter, and the foreign judgment is therefore valid where it was rendered, a court of this state must give full faith and credit to the foreign judgment and regard the issues thereby adjudged to be precluded in a Washington proceeding. U.S. Const. art. 4, § 1; *In re Rankin*, 76 Wn.2d 533, 535, 458 P.2d 176 (1969); *Williams v. Steamship Mut. Underwriting Ass'n*, 45 Wn.2d 209, 213, 273 P.2d 803 (1954).

> However, whenever a court is called upon to grant full faith and credit to the judgment of a foreign court, the opposing party must have the opportunity to show that the foreign judgment would not be entitled to recognition in the foreign state itself.

*State ex rel. Eaglin v. Vestal*, 43 Wn. App. 663, 667, 719 P.2d 163, *review denied*, 106 Wn.2d 1007 (1986).

Here Gutierrez claims that the Oregon adoption decree is not entitled to full faith and credit by the Washington courts since in the proceeding to vacate the adoption decree brought by her natural mother, the Oregon Court of Appeals recognized that the decree was void when it was entered absent consent from or notice to the natural mother. However, after the Oregon trial court vacated the adoption decree on grounds that the decree was void due to

---

[1]U.S. Const. art. 4, § 1 provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

28 U.S.C. § 1738 states in pertinent part:

"The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, . . .

". . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

a lack of proper consent or notice, the Oregon Court of Appeals reversed the trial court and reinstated the adoption decree, holding that under Or. Rev. Stat. § 109.381[2] the adoption decree, despite its jurisdictional defect, was conclusively presumed to be valid and immune from attack after August 5, 1960.

Under Or. Rev. Stat. § 109.381, jurisdiction over the persons and the cause is presumed in an adoption proceeding, and regardless of jurisdictional or other defects in the proceeding, an adoption decree is conclusively presumed to be valid and binding on all persons and is immune to a collateral or direct attack 1 year after the decree's entry. This statute, which was enacted in 1959, provides that 1 year after August 5, 1959, it applies to adoption proceedings brought before August 5, 1959.

---

[2]Or. Rev. Stat. § 109.381 provides:

"(1) A decree of a court of this state granting an adoption, and the proceedings in such adoption matter, shall in all respects be entitled to the same presumptions and be as conclusive as if rendered by a court of record acting in all respects as a court of general jurisdiction . . . and jurisdiction over the persons and the cause shall be presumed to exist.

"(2) Except for such right of appeal as may be provided by law, decrees of adoption shall be binding and conclusive upon all parties to the proceeding. No party nor anyone claiming by, through or under a party to an adoption proceeding, may for any reason, either by collateral or direct proceedings, question the validity of a decree of adoption entered by a court of competent jurisdiction of this or any other state.

"(3) After the expiration of one year from the entry of a decree of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed that the child's natural parents and all other persons who might claim to have any right to, or over the child, have abandoned the child and consented to the entry of such decree of adoption, and that the child became the lawful child of the adoptive parents or parent at the time when the decree of adoption was rendered, all irrespective of jurisdictional or other defects in the adoption proceeding; after the expiration of such one–year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby; provided, however, the provisions of this subsection shall not affect such right of appeal from a decree of adoption as may be provided by law.

"(4) The provisions of this section shall apply to all adoption proceedings instituted in this state after August 5, 1959. This section shall also apply, after the expiration of one year from August 5, 1959, to all adoption proceedings instituted in this state before August 5, 1959."

Here in reinstating the adoption decree, the Oregon Court of Appeals noted that Lee had inquiry notice of the adoption after the fact and ample opportunity to challenge the adoption within the statutory time period. Following a lengthy discussion of the relevant case law, the Court of Appeals determined that under *Hood River Cy. v. Dabney*, 246 Or. 14, 423 P.2d 954 (1967), it is constitutionally permissible for the legislature to bar challenges to decrees void for want of jurisdiction to carry out a purpose to lend finality to adoption decrees as long as a reasonable limitation period is allowed, as provided under Or. Rev. Stat. § 109.381. Since the Oregon Supreme Court denied review of the Court of Appeals decision, it stands as the final decision in the matter.

Gutierrez does not assert that the Oregon Court of Appeals judgment reinstating the adoption decree is somehow jurisdictionally deficient and thus not entitled to full faith and credit by the Washington courts. Thus the issues adjudicated in the Oregon proceeding to vacate the adoption decree are precluded from relitigation in a Washington proceeding. *State ex rel. Eaglin v. Vestal, supra.* Under Oregon law, which governs Gutierrez's status, *In re Estate of Sendonas, supra,* Gutierrez is a lawfully adopted child; thus under RCW 11.04.085 she is precluded from asserting a pretermitted heir's claim pursuant to RCW 11.12.090,[3] *In re Estate of Couch, supra.*

Gutierrez's argument that the decree's reinstatement merely put a void decree back on the public records and that Wagner's estate has failed to meet its burden of showing a valid adoption lacks merit in light of Or. Rev. Stat. § 109.381's language and the Oregon Court of Appeals decision. Under Or. Rev. Stat. § 109.381, after the statutory limitation period has expired, an adoption's validity is conclusively presumed and binding on all persons despite jurisdictional or other defects in the adoption proceeding

---

[3]We note that Gutierrez was named in the last will and testament of her adoptive father, Arthur Moulton.

and the decree is immune from a direct or collateral attack. The Oregon Court of Appeals stated that under Or. Rev. Stat. § 109.381 the adoption decree here was conclusively presumed to be valid and immune from attack after August 5, 1960. Thus the Court of Appeals, rather than merely reinstating a void decree, upheld the application of Or. Rev. Stat. § 109.381, which rendered the decree valid and binding after the statutory time period.

Gutierrez further argues that as the natural child of the deceased, she is entitled collaterally to attack the Oregon adoption decree in a Washington probate proceeding and that her challenge to the decree is not barred by the Oregon statute of limitations since, unlike her natural mother, she had no knowledge of her adoption until after her natural father's death. Gutierrez cites no authority for the proposition that she had a constitutional due process right to notice of her own adoption so that absent such notice, the court lacked jurisdiction over the adoption proceeding. As the Oregon Court of Appeals noted, Or. Rev. Stat. § 109.381 evinces a purpose to extend finality to adoption decrees. Gutierrez has not shown that she is entitled to attack the adoption decree collaterally in a Washington probate proceeding after an Oregon appellate court expressly upheld the Oregon adoption decree's validity following a proceeding in which she participated in the appeal as a named party.

RAP 18.1's requirements have not been met, and no attorney fees are awarded. *Glasgow v. Georgia–Pacific Corp.*, 103 Wn.2d 401, 408, 693 P.2d 708 (1985). The judgment below is affirmed.

SCHOLFIELD, C.J., and SCHUMACHER, J. Pro Tem., concur.