**David B. FOWLER, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT SERVICES DIVISION, Appellee.**

No. S–12314.

Supreme Court of Alaska.

Oct. 12, 2007.

---

David A. Graham, Graham Law Firm, Sitka, for Appellant.

Karen W. Ince, Assistant Attorney General, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for Appellee.

1. AS 25.25.101–25.25.903.

2. 28 U.S.C. § 1738B (2006).

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

BRYNER, Justice.

## I. INTRODUCTION

The Idaho Department of Health and Welfare served David Fowler with notice of a paternity suit, Fowler filed an answer without a filing fee in the Idaho court, and the court entered a default judgment against him for failure to pay the fee. Fowler received notice of the department's intent to seek a default judgment and the default judgment itself. He filed pleadings with the court challenging its entry of default, which the department moved to strike. The Idaho court set a hearing on the department's motion, which Fowler did not attend.

Sometime after the proceedings ended in Idaho, Fowler relocated to Alaska. The Alaska Child Support Services Division sought to register and enforce the Idaho judgment against Fowler under Alaska's Uniform Interstate Family Support Act [1] and the Federal Full Faith and Credit for Child Support Orders Act.[2] Fowler appeared in court in Alaska to challenge registration of the order, asserting that he was denied due process in the Idaho proceedings. The superior court rejected Fowler's challenge and registered the order without issuing a written decision. After Fowler moved for reconsideration, the court issued a written decision explaining its reasons for rejecting Fowler's due process argument.

Fowler appeals, renewing his due process claim. Having reviewed the parties' briefing, the superior court's order, and the record, we conclude that the superior court's order on reconsideration accurately describes the relevant facts and correctly applies the governing law. Accordingly, we set out the court's order below and adopt it as the basis for our resolution of Fowler's appeal.[3]

3. We have edited the order to conform to this court's style and formatting requirements and have omitted internal citations.

## ORDER ON MOTION TO RECONSIDER

David Fowler moves the court to reconsider the order allowing an Idaho child support order to be registered in this state. He argues that the Idaho court violated his due process rights by entering the support order. Mr. Fowler made a very similar argument at a hearing held on March 8, 2006. This court denies his motion to reconsider for the same reason that the court rejected his due process argument at the hearing.

## I. FACTS

On January 19, 2006, the Alaska Child Support Services Division petitioned the court under AS 25.25.602 to register a child support order from the Idaho District Court. Mr. Fowler objected to the registration because he claimed the Idaho court did not provide him with due process before the court entered the order. He argued that Alaska could not register the order and he requested a hearing.

At the hearing, Mr. Fowler testified that he was served with a summons and complaint in 2002 and that he filed an answer. According to Mr. Fowler the clerk accepted the answer for filing and did not tell him there was a filing fee.

But on May 6, 2002, the Idaho court entered default against Mr. Fowler because he did not pay the filing fee. Mr. Fowler said he received a copy of the default child support order. He also testified, when shown a document that included a notice of intent to enter default for failure to file an answer, that he did not recall receiving this notice, but added that if he did receive such a notice, he would have ignored it because he already filed an answer.

In response to the default order, Mr. Fowler said he filed an opposition to the order and asserted what appear to be claims against the clerk of court. He filed those pleadings on May 13, 2002 and paid an $8.00 filing fee.

After he filed his response, the Plaintiff, the Idaho Department of Health and Welfare, moved the court for an order striking the pleadings. Mr. Fowler admitted that he received the Department's motion to strike. He also said it included a notice that there would be a hearing. Mr. Fowler testified that he did not attend the hearing because he did not think the hearing required his attendance. He felt this way, he said, because he filed his response already, and because "if they were going to just strike [his] pleadings, that was one thing, but [his] defense was in there, too, and that was the important thing; they didn't say they were going to strike [his] defense."

Finally Mr. Fowler admitted that he received the order striking his pleadings. That order stated in part that Mr. Fowler received prior notice of the hearing but did not attend.

At the conclusion of the evidence, Mr. Fowler argued that the Idaho court violated his due process rights by not considering his answer. He argued that the Idaho court did not notify him that it would not consider the answer nor did it notify him that he had to pay a filing fee. Mr. Fowler maintained that the Idaho court violated his due process rights when it rejected his answer because he did not pay a filing fee. And he argued that the hearing held after the default judgment did not cure the violation because the hearing did not address his answer, and in any case, he asserted that in Alaska an order entered by a court in violation of a party's procedural due process rights is void.

The Division responded that Mr. Fowler received a copy of the default judgment against him, so he knew the court did not consider his answer, and that is why he filed the responsive pleadings on May 13th. Therefore, according to the Division, a reasonable person would have attended the hearing scheduled by the court.

This court held that it may or may not have been a due process violation to refuse a pro se litigant's pleadings for failure to pay a filing fee, but in looking at the full picture of what happened in Idaho, no due process violation occurred. Mr. Fowler had notice of the claim and he learned that his answer was not considered. He filed a responsive pleading and was given a hearing. He knew when the hearing was but chose not to attend. After the hearing, and after Mr. Fowler did not appear, the Idaho court granted the mo-

tion to strike and the default judgment remained in effect. Mr. Fowler did not appeal the judgment or file a motion to set aside the judgment. Instead he did nothing.

## II. MR. FOWLER'S ARGUMENT THAT THE POST–DEFAULT HEARING DID NOT CURE THE DUE PROCESS VIOLATION

Mr. Fowler argues that the Idaho hearing scheduled after the default is not a remedy because "neither his subsequent acts nor his omissions to act can revive a void judgment." In support of his statement, Mr. Fowler relies on *State, Department of Revenue, CSED v. Maxwell.*[1]

In *Maxwell,* the Alaska Supreme Court held that "a void judgment cannot gain validity simply by the passage of time."[2] Also Mr. Fowler correctly points out that he can attack a void judgment at any time.[3] But, of course, the question here is whether the Idaho judgment is void.

Mr. Fowler contends that the Idaho judgment is void based on the reasoning he found in two Washington state cases. But the first case stands for a proposition that is not in dispute. In *Allstate Insurance Co. v. Khani,*[4] the Washington Court of Appeals determined that service on the defendant was defective and therefore the judgment entered in reliance on the defective service was void.[5] The appellate court also pointed out that the passage of time did not bar a motion to vacate a void judgment.[6]

But unlike the *Khani* case, there is no issue of defective service in this case. The issue here is the same issue raised by Mr.

Fowler at the hearing—was he afforded due process by the Idaho court.

And that leads to Mr. Fowler's second Washington case. In *R.R. Gable, Inc. v. Burrows,*[7] the defendants, a couple living in Washington, received a summons and complaint filed in Los Angeles County court.[8] The Burrows exchanged several letters with the clerk of the California court seeking an exemption from the court's filing fees and the requirement that they file their pleadings on special pleading paper.[9] The clerk refused to waive the requirements, did not file the answer and never notified the Burrows of the decisions not to waive the requirements and not to file the answer.[10]

The California court entered default judgment against the Burrows without notifying them that entry of a default judgment had been requested.[11] After the default judgment was granted, the plaintiff, R.R. Gable Inc., tried to register the judgment with the Washington trial court.[12] The Burrows filed a motion to vacate the filing and the court granted it because of the California court's refusal to waive the special pleading paper requirements and because that court did not notify the Burrows of the request for a default judgment.[13]

On appeal, the Washington Court of Appeals acknowledged that a court can enter a default judgment against a defendant who does not answer, and may do so "without additional notice on the theory that a properly served defendant has been given adequate notice to allow an intelligent decision on whether to appear or default."[14] But the

---

1. *State, Dep't of Revenue, CSED v. Maxwell,* 6 P.3d 733 (Alaska 2000).

2. *Id.* at 736.

3. *In re Marriage of Leslie,* 112 Wash.2d 612, 772 P.2d 1013, 1017 (1989); *Falkner v. Amerifirst Fed. Sav. & Loan Ass'n,* 489 So.2d 758, 759 (Fla.Dist.Ct.App.1986).

4. *Allstate Ins. Co. v. Khani,* 75 Wash.App. 317, 877 P.2d 724 (1994).

5. *Id.* at 728.

6. *Id.*

7. *R.R. Gable, Inc. v. Burrows,* 32 Wash.App. 749, 649 P.2d 177 (1982).

8. *Id.* at 178.

9. *Id.* at 178–79.

10. *Id.* at 179.

11. *Id.*

12. *Id.*

13. *Id.*

14. *Id.* at 180.

court found that rule inapplicable "because the [Burrows] took action to contest the complaint and were denied notice of the refusal to file their answer and were not given a meaningful opportunity to be heard." [15] Because of this, the court agreed with the lower court that the Burrows' due process rights were violated.[16]

There is a parallel course between the *Burrows* case and Mr. Fowler's in that the original courts in both cases refused to consider the defendants' answers. But there the similarity ends.

When Mr. Fowler was notified that his answer had not been accepted, he was told why it was not accepted. He was notified that a default judgment had been entered and he filed an opposition to the default and he filed what appear to be several claims against the clerk of court. In response to these pleadings, the Department moved to strike his opposition and his claims and the court set on a hearing. Mr. Fowler knew about the date and time of the hearing, but decided not to attend.

His excuse for not attending is not very convincing. He says that he did not attend because the hearing was about the motion to strike. He also asserts that it did not matter to him whether his May 13th pleadings were stricken because he had previously filed his answer. The problem with this after-the-fact excuse is that Mr. Fowler's May 13th pleadings contain his argument as to why his answer should have been accepted and why the default was wrongfully granted. His pleadings also created factual questions about the clerk's actions and statements and about what the clerk and court did with his answer. By not attending the hearing he forfeited his opportunity to establish under oath what he claims the clerk told him and why he filed his answer in the manner he did. Not attending the hearing guaranteed that any error by the clerk concerning the filing fee or by the court in not accepting the answer would never be addressed. It also assured that his pleadings would be stricken.

Mr. Fowler had notice of the default and notice of the reasons why it was entered. He had notice of the hearing on the motion to strike his opposition to the default. He had an opportunity to attend the hearing to explain what the clerk said and to explain why he did what he did with his answer. In other words, he had notice and a "meaningful opportunity to be heard." [17]

### III. CONCLUSION

Viewing the complete history of the proceedings in Idaho, the court concludes again that there was no due process violation. The court denies the motion to reconsider. Because the motion to reconsider is denied, Mr. Fowler's motion to stay is moot.

### II. CONCLUSION

For the reasons set out by the superior court in its order reprinted above, we AFFIRM the superior court's registration of the Idaho child support order in all respects.