BLANK *v.* SNYDER, D. B. A. GEORGE SNYDER & SONS COMPANY.

(No. 320080—Decided November 8, 1972.)

Franklin County Municipal Court.

*Messrs. Zacks, Luper & Durst* and *Mr. Frederick M. Luper*, for plaintiff.
*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Thomas M. Taggart*, for defendant.

FAIS, J. This matter is again before the court on a very important and significant point of law, and the court

has given considerable attention to the interests of both parties, the law applicable to the issues, as well as the equities which relate to the questions effecting substantial rights of both parties.

This court has before it the question of reconsideration of a previous ruling which set aside and vacated a judgment granted by default in favor of the plaintiff and against the defendant in the sum of $5005.00. This judgment was entered on July 28, 1971, and thereafter defendant's motion to vacate the judgment was filed on September 22, 1972. Upon consideration of the motion this court sustained the motion and ordered the answer filed. At this time the court reconsiders its ruling, and expands its examination of the entire file.

The plaintiff's claims for damages are found in paragraphs (6) and (7) of the complaint.

"(6) As a result of defendant's breach of warranty, the plaintiff was required to replace portions of the roof in order to prevent further leakage and damage to his home and to repair the damage to the inside of plaintiff's house occasioned by the leaking roof, all to plaintiff's damages in the amount of Four Hundred Five ($405.00) Dollars.

"(7) Further, due to the improper installation of the roof by the defendant, plaintiff was required to constantly mop up water which leaked into his home, attempt to prevent and control leaks from the roof, and abandon the use and benefit of his family room during inclement weather, all to plaintiff's damage in the amount of Four Thousand Six Hundred Dollars ($4,600.00).

The court recognizes that the plaintiff seeks to recover damages for breach of warranty (the sum claimed being $405.00), and an additional sum of $4600.00 for inconvenience and general disorder to his residence and family life. Of course, had this case gone to trial, the plaintiff would have been placed in the position of proving the allegations of his complaint by a preponderance of the evidence. No rule of law is more clear. Counsel are also aware of the rule that damages must be the natural and proximate result of a tortious act or breach of contract on the part of the

defendant. Remote consequences, speculative damages, the foreseeability test, the anticipated consequences concept, certainty and uncertainty, reasonableness or unreasonableness, and liquidated and unliquidated principles are well defined and often cited by courts in connection with the question of recoverable damages. See 22 American Jurisprudence 2d, "Damages," Sec. 20, 21, 22, 23 and 24. Not only must courts look to the fact of damages, but they must look to the cause of damages. No recovery can be had in cases where it is not certain that plaintiff suffered any damage. Reasonable certainty is required in proving the fact and cause of the injury.

Also, it is stated:

"A measure of damages is a rule of law and should not be determined by the option of self-interest of a party to a controversy." 22 American Jurisprudence 2d, Damages, Sec. 45, page 72.

At this point in this decision, the court must observe that proof of damages, whether by default judgment or otherwise, is governed by certain rules of evidence which bind the court, and this is especially true when the damages appear to be subject to some question and perhaps are illusory in character. This is not to discount nor discredit the theory of the plaintiff's case, but yet the court is not relieved of its obligation to hear and determine the facts according to the established rules of evidence.

This court does not have before it any evidence of the plaintiff's damage either in the form of exhibits, statements, invoices, nor was testimony taken to support the plaintiff's claim. This is important and necessary in light of the amount claimed and the fact that the $5005.00 prayer appears to be based upon some intangible or speculative rights. It includes a claim for the free use and enjoyment of the plaintiff's property, and damages for alleged interference or deprivation of such enjoyment and free use. Albeit, this court is of the opinion that damages of this kind and nature should, and must, be proven the same as in a case assigned for regular trial. Perhaps, not in the same force nor with the formality of a trial, but there must be

probative evidence to support the judgment finally entered in the record by the court. The court must also take into consideration elements, facts and circumstances which tend to mitigate, reduce or correctly reflect the damages sustained. To render a default judgment in any other manner would be to disregard the maxim, judicia in deliberationibus crebo maturescunt, in accelerato processu nunquam. (Judgments often mature through deliberations, never through hurried proceedings.) This court has always respected this principle in preparing its judgments, and this case is not an exception to the rule.

The effort of this court is to render justice according to legal principles and to permit the issues to be decided with all judicial processes being observed. It has often been said that it is the duty of the judge to administer justice and not to make law, and in order to render justice under the circumstances this court must give consideration to Rule 55 of Ohio Rules of Civil Procedure as well as Rule 60(B). Under the rule permitting the court to grant a judgment by default, hearings and other such references and investigations may be conducted. The court is granted discretion in establishing the truth and determining the right of any party to judgment. Under such a rule the court must assume that it has a further right and duty to re-examine and reconsider its rulings at any time.

This court also considers Rule 60(B) and particularly subsection (5) wherein it is provided that a court may grant relief from final judgment for "any other reason justifying relief." Under this subsection the court must proceed with caution in order not to circumvent the one year provisions. But the parties here were negotiating, corresponding and offers were transmitted in writing. There is no indication of bad faith on the part of either plaintiff or defendant. There is also some indication that a defense exists, at least as to the amount of damages to which the plaintiff may be entitled. While one of the objectives of the Rules of Civil Procedure is to not to needlessly prolong litigation, undue hardship is a two-way street and granting this defendant some measure of relief would not appear

to impose undue hardship upon the plaintiff nor deprive him of his rights under the Civil Rules.

It has been called to the court's attention that this action was brought against the defendant as an individual, when in fact it appears that the defendant is actually an Ohio corporation. The plaintiff may wish to take this factor into consideration if and when he readjusts or amends his pleadings.

Thus, having considered the respective position of both parties, as well as their rights, liabilities and responsibilities to themselves and to this court, it is the opinion of this court that the plaintiff's motion for reconsideration be, and the same hereby is, overruled, and the judgment by default is set aside, vacated and held for naught.

Exceptions are noted on behalf of the plaintiff to this ruling and the ruling of this court dated October 2, 1972.

*Judgment set aside.*