Ries Flooring Company, Inc., Appellant, *v.* Dileno Construction Company et al., Appellees.

[Cite as Ries Flooring Co. v. Dileno Constr. Co. (1977), 53 Ohio App. 2d 255.]

(No. 35767—Decided June 23, 1977.)

*Mr. Richard A. Oviatt*, for appellant.
*Messrs. Newman & Newman*, for appellees.

Jackson, J.  This action was commenced in the Cleveland Municipal Court by the plaintiff-appellant, Ries Flooring Co., Inc., on December 2, 1971.  The complaint prayed damages for an alleged failure to pay monies due on a construction contract by the appellees, Dileno Construction Co. and St. Paul Fire & Marine Insurance Co.[1]

---

[1] Subsequently, appellee John H. Petro was joined as a new party defendant by the appellant's amended complaint.

The appellees appeared in the action by filing an answer to appellant's complaint on December 21, 1971. Subsequently, they have also responded to two sets of interrogatories filed by the appellant, answered the appellant's amended complaint, admitted certain matters contained in appellant's request for admissions and successfully defended appellant's motion for summary judgment.

The issues on this appeal arise from the following. The record reveals that on May 23 and again on May 25, 1974, the following notice appeared in the Daily Legal News and Cleveland Recorder:

"Special Status Call of the Civil Docket

"Trial counsel for all parties in the following cases must appear at the time and place indicated for each case. COUNSEL ONLY, NEED APPEAR. The court will require a separate written status report prepared and signed by the trial attorney handling each case, to be submitted to the designated judge at the time of call. The report will become part of the file. Status report forms will be available in the clerk's office and the designated court rooms.

"The court is authorized to place a case on the trial list for immediate trial or take whatever action is necessary under the circumstances.

"Failure of counsel to appear and furnish the written status report required for each case may result in dismissal, as to the plaintiff, or default judgment, as to the defendant. Due to the exigencies of the situation and the volume of cases, no request for postponement or continuance of the call of a particular case will be received, nor will phone calls be accepted.

"PERSONAL APPEARANCE IS REQUIRED.

"Richard M. Brennan,

"Chief Justice.

"Clip and save for your files."

This case was listed only one day following the aforementioned notice of Saturday, May 25, 1974. The notice of that date scheduled the case for status call before the trial judge on Wednesday, June 26, 1974.

The record discloses that no other notice of this

status call was given to the parties; no postcards were mailed; no telephone contact was made; and the notice of status call was not entered upon the docket in this case.

The appellant's attorney testified to the following occurrences on June 26, 1974:

"When I appeared at the status call fully anticipating to see Mr. Newman [attorney for appellees] there he did not appear, and we went before the Honorable Richard Brennan *who stated to me* that he was going to enter a default in this case which he subsequently did." (Emphasis added.)

However, the record discloses that an entry was not immediately made on the docket, and a judgment was not entered against the appellees until October 24, 1974, when the following entry was journalized:

"Action referred upon application of plaintiff to Kenneth C. McLaughlin for the taking of proof and assessment of damages, and referee is ordered to report his findings to this Court. Referee sworn.

"Referee finds, after hearing evidence adduced, there is due plaintiff the sum of $3257.00.

"Referee's report is hereby approved and confirmed and judgment is rendered for plaintiff for $3257.00. and costs. As to all Defts."

Thirteen months subsequent to the entry of this judgment the defendants-appellees filed a "Motion to Vacate." The motion alleged that no notice of any pending default or hearing was received by counsel for the appellee. A hearing was had on this motion on December 9, 1975, at which counsel for both parties testified. On December 16, 1975, the court journalized an entry granting the motion by appellees to vacate the judgment of October 24, 1974.

It is from the granting of appellees' motion to vacate that appellant appeals.[2] It assigns a single error:

"Whether the trial court abused its discretion in granting the defendants-appellees' motion to vacate."

---

[2]An order setting aside a default judgment pursuant to Civil Rule 55(B) is a final appealable order, as provided in R. C. 2505.02, *GTE Automatic Electric*, v. *ARC Industries* (1976), 47 Ohio St. 2d 146.

The assignment of error raises two issues for the determination of the court . First, whether the single notice of the status call published in the Daily Legal News on Saturday, May 25, 1974, was legally sufficient notice of the call in order for the court to have properly entered a default judgment against the appellees for their failure to appear on the day of the call. Second, whether the court below complied with the requirements of Civil Rule 55(A) in entering the default judgment against the appellee.

If the answers to these questions are in the affirmative, the decision of the trial court vacating its entry against the appellees must be reversed. The notice being sufficient, the sole grounds the appellees could allege for seeking relief from judgment would be their excusable neglect, pursuant to Civil Rule 60(B)(1), in not appearing pursuant to the notice. A motion for relief from judgment brought pursuant to Civil Rule 60(B)(1), however, must be brought within one year of the entry of judgment. See Civil Rule 60(B). As the motion in the instant case was brought thirteen months after the entry of judgment, it was error for the court to have vacated the judgment pursuant to Civil Rule 60(B)(1).

Conversely, if the notice was insufficient, the failure of the appellee to appear would not be neglect of any sort. Neglect connotes "* * * an absence of care or attention in the doing or omission of a given act." Black's Law Dictionary (4th ed. 1968). Where notice of a court proceeding is insufficient there is no absence of care or attention on the part of a. party in not appearing. Hence, the motion for relief could only have been brought pursuant to Civil Rule 60(B)(5).[9]

Prior to reaching the substantive issues, one other

---

[9]The cases cited by the dissent for the proposition that "[t]he 'lack of notice' justification for not entering an appearance has repeatedly been treated as falling within the excusable neglect language of Civil Rule 60(B)(1) and not within the broad language of 60(B)(5)" were both cases in which no appearance of any sort was made by the defendant after being properly served with the complaint. The issue of sufficiency of notice was neither at issue nor discussed by the court.

matter requires comment. While the October 24, 1974, entry itself does not specify whether the judgment is by default or on the merits, an analysis of the record of the hearing on appellees' motion to vacate reveals clearly that the judgment was a default judgment, and the hearing before Referee McLaughlin was only to determine damages.

I.

Notice to the parties of a lawsuit[*] is an elementary essential of a judicial proceeding, *Town of Lake Hamilton* v. *Hughes* (1948), 160 Fla. 646, 36 So. 2d 260; *Wharton* v. *Cole* (Ky. 1964), 374 S. W. 2d 498; *Indian Head Millwork Corp.* v. *Glendale Homes, Inc.* (1962), 104 N. H. 312, 185 A. 2d 259; *State, ex rel. Hall,* v. *Cowie* (1951), 259 Wis. 123, 47 N. W. 2d 309; *Brooker* v. *Smith* (Fla. App. 1958), 101 So. 2d 607; *Siano* v. *Spindel* (1975), 136 Ga. App. 288, 220 S. E. 2d 718 and is required by due process, *McClintock* v. *Serv-Us Bakers* (1968), 103 Ariz. 72, 436 P. 2d 891; *Wolfe* v. *Ruggle* (1962), 407 Pa. 172, 180 A. 2d 220; *Brooker* v. *Smith, supra.*

While it is clear that some form of notice is required to parties or their attorneys who have appeared in an action, they are expected to keep themselves informed of the progress of their case. *Thompson* v. *Odom* (Ala. 1966), 184 So. 2d 120; *Iskovitz* v. *Sakran* (1961), 226 Md. 453, 174 A. 2d 172. Hence, in the absence of a rule of court to the contrary, parties are not normally entitled to notice of a hearing other than the setting of the case on the docket, *Plains Growers, Inc.* v. *E. E. Jordan* (Tex. 1974), 519 S. W. 2d 633.

There appear to be few authorities, however, on the issue of whether newspaper notification in the absence of an entry on the docket is sufficient to satisfy due process. In both *Smith* v. *Smith* (1967), 427 Pa. 535, 235 A. 2d 127, and *Klehm* v. *Chicago Title and Trust Co.* (1972), 9 Ill.

---

[*]Except, of course, with respect to temporary restraining orders and other *ex parte* proceedings, see *Grizzard* v. *Davis* (1974), 131 Ga. App. 577, 206 S. E. 2d 853.

App. 3d 498, 292 N. E. 2d 451,[5] notice by means of publication was held insufficient. In *Smith* the court, while finding it unnecessary to determine if actual notice of trial must be given in all cases, held at 538, 235 A. 2d at 128, that "[a] defendant who has been represented * * * by numerous attorneys throughout the proceedings is entitled to more than mere notification in a legal journal as to the date, time and place of trial."

On the other hand, in *State, ex rel. Ward*, v. *Stubbs* (Mo. 1964), 374 S. W. 2d 40, 45, the court held that in light of Rule 14 of the Circuit Court of Jackson County, allowing "[t]he Presiding Judge * * * whenever deemed advisable by the Court en banc * * * [to] call *orally* the whole or any portion of the general docket and upon such call any case which has not been listed for trial *when notice calling for such listing has been published* may, in the discretion of the Presiding Judge, be listed for trial, continued, or dismissed," notice published in the Daily Record was sufficient. (Emphasis added.)

In the instant case there is no rule comparable to the rule in *Stubbs* giving the parties to a lawsuit notice that any case on the docket could be called with published notice. Neither a party nor his attorney, no matter how diligent, could have determined that a status call was to be had at which the parties were required to attend unless he fortuitously observed the case listed in the Daily Legal News of Saturday, May 25, 1974. The due process requirement of notice requires more than this to inform a party who has appeared in the action that a case is set for hearing.

No hard and fast rule for determining what notice is sufficient can be made, as any such rule would be arbitrary. In the case at bar, where the parties had appeared in and defended the action, and where the parties and their at-

---

[5]In *Klehm* the court published the syllabus only and held that where no actual notice of a chancery call was given to the parties they could not be considered to have received constructive notice through publication in the Chicago Law Bulletin when one party's attorney was ill in another state.

torneys' names were part of the court record, we hold that greater notice is required than mere publication in a single copy of a legal newpaper. The court below properly granted appellees' motion to vacate and the parties were not afforded sufficient notice of the status call.

## II.

Even if the notice of the status call were sufficient to satisfy due process, the court still did not abuse its discretion in vacating the default judgment as the service requirement of Civil Rule 55 was not complied with in the entry of the default judgment.

Civil Rule 55(A) determines the proper procedure for holding a party in default when that defendant has appeared in the action. It states in pertinent part:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

In the instant case neither the appellees nor their representative were served with written notice of the pending default.

The Federal Rules of Civil Procedure provide, as does Civil Rule 55, for service of written notice on an adverse party of the pending default.[e] It has been consistently held that a defendant who has appeared in the action is entitled to service of an application for a default judgment prior to its entry, and where service is required, a default judgment entered without service must be vacated or reversed on appeal, *Livermore Corporation v. Aktiengesellschaft Gebruder Loepfe* (D. C. Cir, 1970), 432 F. 2d 689; *Bass v. Hoagland* (C. A. 5, 1949), 172 F. 2d 205, *certiorari denied*, 338 U. S. 816, holding that a default against a defendant is void and without due process where the appear-

---

[e]Fed. R. Civ. P. 55(b)(2) states in part:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

ing defendant is not afforded the benefit of service of the three-day notice and hence is susceptible to collateral attack; *Commercial Casualty Ins. Co.* v. *White Line Transfer & Storage Co., Inc.* (C. A. 8, 1940), 114 F. 2d 946; *Hoffman* v. *New Jersey Federation, etc.* (C. A. 3, 1939), 106 F. 2d 205; *Press* v. *Forest Laboratories, Inc.* (S. D. N. Y. 1968), 45 F. D. R. 354. See, also, *McClintock* v. *Serv-Us Bakers, supra,* holding that under Arizona Civil Rule 55(b)[7] no judgment by default may be entered against a defendant who has appeared unless he is given notice of application for judgment.

Civil Rule 55(A) has been interpreted similarly by the Hamilton County Court of Appeals in *Linder* v. *Community Development Associates, Inc.* (1974), 67 Ohio Op. 2d 314, 322 N. E. 2d 337. In that case the appellant appeared in the action by filing a motion for an order permitting the filing of an answer. The court held that it was an abuse of discretion by the trial court to deny their motion to vacate, when the record demonstrated that they had not been served with notice of the default hearing pursuant to Civil Rule 55(A).

We hold that the court's entry of a default judgment against the appellee in the instant case on its own motion and without the service of written notice required pursuant to provisions of Civil Rule 55(A) was improper, and the court properly vacated the default. This holding, however, does not leave the court powerless to sanction a party for nonappearance. If the party who has failed to appear also fails to appear at the default hearing or if he does appear at the default hearing but fails to adequately explain his original nonappearance, the court could properly enter a default judgment against him at that time.

Further, by holding a hearing on the motion and creating a record, the issue is immediately appealable. The trial court and the parties are saved the additional time and expense of holding a separate hearing pursuant to Civil

[7] Rule 55(b) of the Arizona Rules of Civil Procedure is the same as Federal Rule 55(b), see n. 5.

Rule 60(B) for the nonappearing party to present his reasons for his failure to appear and moving to vacate the default judgment.[9]

The court in the instant case improperly entered a default judgment against the appellees, as the record fails to disclose that adequate notice of the status call was given to all parties who had appeared in the action; and that the required service of Civil Rule 55(A) was not afforded the appellees. Consequently, the court did not err in vacating its judgment entry of October 24, 1974, pursuant to Civil Rule 60(B)(5) on motion of the appellees.

Accordingly, the judgment of the Cleveland Municipal Court is affirmed.

*Judgment affirmed.*

PRYATEL, J., concurs.
CORRIGAN, P. J., dissents.

PRYATEL, J., concurring. I concur in the judgment of Judge Jackson for the reasons advanced in his opinion, particularly that the language in the notice that the court is authorized "* * * to take whatever action is necessary under the circumstances" does not empower the court to by-pass what Civil Rule 55(a) demands, that there be written notice at least seven days prior to the hearing on an application for default judgment if the party against whom judgment by default is sought has appeared in the action.

Additionally, I would affirm for the reason that even if one notice were sufficient and counsel had seen the announcement but was engaged in trial or was already irrevocably committed on that date, he was prevented from so advising the court since the notice provided that "no

---

[9]There is additional authority in other jurisdictions holding that a court could immediately proceed with hearing evidence from the appearing party in the action and enter judgment "on the merits." Such a procedure would not be pursuant to Rule 55 and no notice would be required, *Coulas* v. *Smith* (1964), 96 Ariz. 325, 395 P. 2d 527; Staff Notes Civil Rule 55(A).

request for postponement or continuance of the call of a particular case would be received, nor will phone calls be accepted."

CORRIGAN, J., dissenting. In an abbreviated fashion, an attempt will be made to explain the reasons for dissenting in this case.

Civil Rule 55(B) provides that a default judgment may be set aside in accordance with Civil Rule 60(B). However, the appropriate subsection should be utilized when a vacation of a judgment is sought. While the language of Civil Rule 60(B)(5) is broad, its application must be limited, and it must not be used as a convenient substitute for one of the first three subsections.

The appellee's motion to vacate in this case was founded upon the catchall language of Civil Rule 60(B)(5). The basis for the motion was that the defendant did not receive notice of the hearing. There is no question that notice was given by the court. The "lack of notice" justification for not entering an appearance has repeatedly been treated as falling within the excusable neglect language of Civil Rule 60(B)(1) and not within the broad language of 60(B)(5). *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97; *Antonopoulos* v. *Eisner* (1972), 30 Ohio App. 2d 187, at 193.

The distinction between provisions 60(B)(1) and 60(B)(5) is crucial in this instance since the timeliness of the motion turns upon which section is deemed proper.

The motion to vacate based on lack of notice is only proper under Civil Rule 60(B)(1). The trial court did abuse its discretion by granting the motion in this case since motions based upon 60(B)(1)-(3) are only proper if they are made within a reasonable time, not to exceed one year. The motion in the instant case was made over one year after the judgment was entered and was therefore not timely.

The cases cited by the appellee are inapposite since they deal with the power of a court to set aside a void judgment. *Westmoreland* v. *Valley Homes Corp.* (1975), 42 Ohio St. 2d 291. The judgment in the instant case was

not void. The motion was only proper under Civil Rule 60(B)(1) and was not timely filed under the provision. Further, an exception is taken to the holding of the majority that the court's entry of judgment was improper because the court did not notify the appellee seven days prior to the entry of judgment. Such a strict construction of the language of the rule would prevent every court from exercising its inherent power to enter a judgment against any party who either intentionally or unintentionally absents himself from the trial of a case.

The clear purpose of the seven day notice provision is to afford notice to the party who has entered an appearance in the case and against whom a default judgment is sought. The rule was not intended to prevent a trial court from proceeding to enter a judgment in a case that is at issue and is set for trial after notice is given and a party absents himself from the trial.

Finally, it should be emphasized that Civil Rule 60 (B)(5) was intended to enable a court to vacate a judgment for a substantial reason to avoid a serious injustice in limited situations. It does not give a court carte blanche authority to ignore the other provisions of the rule and complete discretion to vacate any judgment any time an aggrieved party seeks a vacation. The first three subsections are pertinent to the rule and must be applied when appropriate.

Therefore, I would reverse the trial court's vacation of the judgment under the facts in this case.