## Nickschinski v. Lassiter
### [Cite as 7 AOA 302]

*Case No. 57685, 57336*
*Cuyahoga County, (8th)*
*Decided September 13, 1990*

*Carl G. McMahon, 410 Leader Building, Cleveland, Ohio 44114, for Plaintiff-Appellee.*

*Joseph A. Dubyak, 920 Terminal Tower, Cleveland, Ohio 44113-2206, for Defendant-Appellants.*

SWEENEY, J.

Defendants-appellants, Charles H. Lassiter and Kathy Lassiter, timely appeal from the trial court's judgment overruling appellants' motions for relief from judgment and to vacate the default judgment entered in favor of plaintiff-appellee, Terry R. Nickschinski.

Appellee filed his complaint on October 20, 1987, naming Charles Lassiter and Kathy Lassiter as co-defendants. Appellee's cause of action alleged that appellants negligently let their horse escape, resulting in damages in the amount of forty thousand dollars when appellee's truck hit the horse.

On or about December 30, 1987, appellants filed a letter in response to the complaint with the court and served the same upon appellee's counsel by certified mail. In this letter, appellants denied ownership of the horse appellee struck.

On July 29, 1988, appellee filed an application for default judgment, which was not served on appellants.

The court scheduled a hearing on the motion for default judgment for October 13, 1988. Appellants were not notified of this hearing. In early October 1988, appellants received a copy of a letter from appellee's counsel to the court "to confirm that the hearing scheduled in this case for October 13, 1988 has been rescheduled to the new date of November 15, 1988 at 1:30 p.m." This letter did not state that the hearing was on the motion for default judgment.

Appellants appeared at the hearing, *pro se,* but were told the hearing would have to be rescheduled because the judge had a trial in progress. On that date, appellee submitted correspondence to the court with the following documents:

(1) a journal entry granting the motion for default judgment;

(2) a summary of appellee's damages; and

(3) copies of medical records. Appellants allege they were unaware that said correspondence and documents were submitted, and they did not receive copies of said documents. Also, appellants allege they still did not know the purpose of the hearing.

In late January 1989, appellants received notice from the court dated January 20, 1989 that a case management conference was scheduled for March 28, 1989.

Several days later, appellants received another notice from the court dated January 27, 1989, stating that default judgment was granted for appellee in the amount of $9,550.00.

Six days later, appellants received another notice from the court dated February 2, 1989, stating that default judgment was granted appellee in the amount of $11,000.00.

Appellants now timely appeal the trial court's granting of a default judgment in favor of appellee in Case No. 57336 and Overruling of appellants' motion for relief from judgment in Case No. 57685, which cases have been consolidated for review by this court.

### I.
### THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR DEFAULT JUDGMENT.

Appellants contend their letter filed with the court and served on appellee's counsel, in which they denied ownership of the horse, constituted an appearance under Civ. R. 55(A). We agree.

Civ. R. 55(A) provides in pertinent part as follows:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

In *Spratt v. Frederickson* (Apr. 26, 1979), Cuyahoga App. No. 38579, unreported, we held that a letter addressed to appellee's counsel and filed with the court can be construed to constitute an appearance in the action by appellant.

Likewise, in the present action, we conclude that appellants' letter filed in response to the complaint constituted an appearance under Civ. R. 55(A).

Civ. R. 55(A) requires written notice of the application for default judgment to be served on a party if he has appeared in the action. A default judgment entered without service of the application for default judgment must be reversed on appeal. *Ries Flooring Co. v. Dileno Constr. Co.* (1977), 53 Ohio App. 2d 255.

In the present case, appellee did not serve appellants with written notice of the application for default judgment. The copy of a letter from appellee's counsel to the court confirming the rescheduled date of a "hearing" did not put appellants on notice that default judgment could be entered against them. Furthermore, appellants did not receive written notice of the application for default judgment even though they appeared for a hearing on November 15, 1988, which hearing was never rescheduled.

Therefore, the trial court erred in entering a default judgment against the appellants as the record demonstrates that appellants were not served with the required notice under Civ. R. 55(A) that an application for default judgment was made by appellee.

Appellants, in Case No. 57685, also appeal the trial court's denial of their motion for relief from judgment on April 4, 1989. As appellants had filed a notice of appeal with this court on March 2, 1989, the trial court was without jurisdiction to act on the motion for relief from judgment. *Vavrina v. Graczanik* (1974), 40 Ohio App. 2d 129. However, this appeal has been rendered moot by our disposition of Case No. 57336, as set forth in this opinion. Assignment of Error I is well taken.

II.
THE TRIAL COURT ERRED IN THE ASSESSMENT OF THE AMOUNT OF DAMAGES.

Civ. R. 55(A) provides:

"If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."

Given the speculative nature of appellee's future medical damages resulting from his alleged continued injuries, it was an abuse of discretion for the trial court to grant the default without an evidentiary hearing. *Blank v. Snyder* (1972), 33 Ohio Misc. 67, 69-70. It is apparent from the court's two separate entries granting appellee different amounts in damages that the court's damage award was, in part, a matter of conjecture.

Assignment of Error II is well taken.

Judgment reversed and remanded for further proceedings according to law.

STILLMAN, J., and VICTOR, J., concur.

Saul G. Stillman, retired Judge of the Eighth District Court of Appeals and William H. Victor, retired Judge of the Ninth District Court of Appeals, sitting by assignment.