OPINION
This is an appeal from a judgment of the court of common pleas reversing a decision of the Liquor Control Commission that denied an application to transfer ownership of a liquor license.
The action in which the common pleas court rendered its judgment was an administrative appeal commenced pursuant to R.C.119.12 by Jaber Shalash, Inc., which had applied for transfer of the liquor license. The Defendants named in the action were the Ohio Liquor Control Commission, which denied the application, and the City of Dayton, which had objected to the transfer and which, pursuant to R.C. 4301.28(B), was a party in the R.C. 119.12
appeal.
Jaber Shalash, Inc., filed its R.C. 119.12 notice of appeal in the court of common pleas on June 14, 1997. Service was made on the City of Dayton on July 18, 1997, and on the Liquor Control Commission on July 23, 1997. The court subsequently ordered a schedule for briefs.
The City of Dayton filed its trial brief on November 26, 1997. The Liquor Control Commission filed its trial brief on December 19, 1997. On January 16, 1998, the City of Dayton requested additional time to file its trial brief, representing that the clerk of courts was unable to locate the transcript of exhibits and proceedings the City required to prepare its brief. The court granted the City's motion on January 23, 1998, stating:
 "For good cause shown, the Court hereby vacates the deadline presently established for the filing of the Appellee's Brief and grants the request of the Appellee City of Dayton for an extension of time to file its brief in this case until after the Transcript of Proceedings and exhibits have been located, at which time the Court will establish a new deadline for the filing of the Appellee's Brief."
No further proceedings occurred in the action until August 24, 1998, when the common pleas court entered its judgment and order reversing the decision of the Liquor Control Commission. The order was not served on the City of Dayton as Civ.R. 58(B) requires, and the City apparently first became aware of the court's order on November 6, 1998. The City filed a Civ.R. 60(B) motion to vacate the judgment. The court overruled the motion on November 23, 1998. The City filed its notice of appeal to this court on December 7, 1998.
This matter is before the court on the notice of appeal that the City of Dayton filed on its own behalf. The Liquor Control Commission did not file a notice of appeal, but has filed a brief that sets forth a single assignment of error. A party's failure to timely file a notice of appeal pursuant to App.R. 3 and 4 from a final order deprives an appellate court of jurisdiction to review error in that order which the party assigns for review. Kaplyshv. Takieddine (1988), 35 Ohio St.3d 170. Therefore, the brief of the Liquor Control Commission is stricken from this record, and we will proceed to review the trial court's order on the four assignments of error that the City of Dayton presents. To facilitate our review, the last of those will be considered first.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT, AS PROVIDED IN RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.
Civ.R. 60(B)(1) authorizes a court to relieve a party from a final judgment or order upon a motion that the party timely files.
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the ground stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the Syllabus.
The City of Dayton complained that the common pleas court had failed to permit the City to participate as a party before the court entered its final judgment and order on August 24, 1998, and that the failure justified vacation of the court's judgment. The City cited the court's scheduling order of January 23, 1998, which relieved the City of its obligation to file a brief until the record could be located and court established a new deadline date for filing the brief.
The City argued that it had a meritorious claim or defense to present because the court's judgment of August 24, 1998, "is based on substantial errors of fact and law, including, but not limited to, the Court's reliance on a decision in Our Place, Inc. v. OhioLiquor Control Commission, Franklin County Court of Appeals Case No. 90AP-1055, which decision was reversed by the Ohio Supreme Court in 1992. That decision is reported at 63 Ohio St.3d 70." (Affidavit of Steven R. Milby.)
When the trial court overruled the City's Civ.R.60(B) motion, it also granted the City ten days to file a supplemental brief on an alleged mistake of law. The City filed its brief, challenging the legal authority on which the court had relied and the facts involved in the license application. Before the court could react, the City of Dayton on December 7, 1998, filed its notice of appeal to this court, which deprived the trial court of jurisdiction to modify its Civ.R. 60(B) order. State ex rel.Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94.
The judgment and order that the trial court entered on August 24, 1998 was in its nature and effect a default judgment against the City of Dayton. However, the court failed to give the City seven days prior written notice of its intent to enter a default judgment, as Civ.R. 55(A) requires. The Supreme Court has held that a default judgment entered without Civ.R. 55(A) notice may properly be vacated under Civ.R. 60(B). Ervin v. Patrons Mut.Ins. Co. (1985), 20 Ohio St.3d 8. This court has held that a default judgment taken in the absence of the Civ.R. 55(A) seven-day notice may properly be vacated pursuant to Civ.R. 60(B)(5). Miamisburg Motel v. Huntington Nat'l Bank (1993),88 Ohio App.3d 117. See also, Ries Flooring Co. v. DilenoConstruction Co. (1977), 53 Ohio App.2d 255.
R.C. 4301.28(B) confers standing on municipal corporations to participate as a party in proceedings to transfer ownership of a liquor license and appeals of those matters to the court of common pleas brought pursuant to R.C. 119.12. The section demonstrates a concern on the General Assembly's part that local interests involving planning and development be considered, and it granted municipalities a right to participate in the application process to represent them. The City was deprived of that right when the court entered a final judgment and order absent the written notice that Civ.R. 55(A) requires. Therefore, sufficient grounds for relief per Civ.R. 60(B) are demonstrated. Ervin v. Patrons Mut.Ins., Co., supra.
The "meritorious claim or defense" prong of the test set out in GTE Automatic Electric, Inc. v. ARC Industries, Inc., supra
contemplates "at least a prima facie showing that the time and trouble required by vacating a judgment are justified because a new judgment may be different." Baldwin's Ohio Civil Practice, Vol. 2, Section 60-24, at p. 648. The claim or defense need only be alleged, not proved. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17.
The general claims in the affidavit attached to the City of Dayton's Civ.R. 60(B) motion that the court's judgment was based on unspecified "errors of fact and law" is insufficient to demonstrate a meritorious claim or defense because they don't portray the potential of a different outcome if the judgment is vacated. Neither is that portrayed by the argument that the court had applied and followed a rule of law that subsequently was overruled. However, the extensive and specific claims in the supplemental brief which the court permitted the City of Dayton to file are sufficient to demonstrate the potential of a different outcome.
Finally, GTE Automatic Electric, Inc. v. ARC Industries,Inc., supra requires that the Civ.R.60(B) motion must be filed within a reasonable time after entry of the judgment or order to be vacated. The City filed its motion on November 11, 1998, five days after it learned of the order of August 24, 1998 that its motion sought to vacate. The City's motion was filed within a reasonable time.
A trial court's disposition of a Civ.R. 60(B) motion is reviewed solely for abuse of discretion. State ex rel. v. Richardv. Seidner (1996), 76 Ohio St.3d 149. The abuse of discretion standard is appropriate because Civ.R.60(B) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done."Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11.
The late Federal District Judge Frank Johnson observed that the art of judging lies in removing a sense of injustice. On this record, that can be done only by reversing the trial court's order and granting the City of Dayton's Civ.R. 60(B) motion. Though the eventual outcome may be no different, the City will have had the opportunity to be heard that R.C. 4301.28(B) contemplates and which fairness and due process require. Therefore, we will reverse the order of the court of common pleas overruling the City's motion and enter our own order granting it. The case will then be remanded for further proceedings on the R.C. 119.12 appeal filed by Jaber Shalash, Inc.
The fourth assignment of error is sustained.
 FIRST ASSIGNMENT OF ERROR THE LOWER COURT ABUSED ITS DISCRETION IN FINDING THAT THE DECISION OF THE OHIO LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, AND WAS NOT IN ACCORDANCE WITH LAW.
 SECOND ASSIGNMENT OF ERROR THE LOWER COURT ABUSED ITS DISCRETION IN FAILING TO GIVE DUE DEFERENCE TO THE RESOLUTION OF EVIDENTIARY CONFLICTS, AS MADE BY THE OHIO LIQUOR CONTROL COMMISSION
 THIRD ASSIGNMENT OF ERROR THE LOWER COURT ABUSED ITS DISCRETION IN REVERSING THE DECISION OF THE OHIO LIQUOR CONTROL COMMISSION WHERE THE COMMISSION'S DECISION WAS SUPPORTED BY SOME RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, AND WHERE IT WAS OTHERWISE IN ACCORDANCE WITH LAW.
The error alleged in these assignments is rendered moot by our resolution of the fourth assignment of error. Therefore, pursuant to App.R. 12(A)(1)(c), we exercise our discretion to decline to determine them.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Dennis A. Lieberman, Esq.
David Raber, Esq.
J. Rita McNeil, Esq.
Steven R. Milby, Esq.
Hon. John P. Petzold