OPINION
{¶ 1} This is an appeal from an order of the domestic relations court denying a Civ.R. 60(B) motion to vacate a final order.
 {¶ 2} On December 11, 2000, the court entered an interim order adopting a decision of its magistrate reducing the amount of monthly payments owed by Charlie Rogers to Irene Rodgers, his former spouse, on a support arrearage obligation. The order was entered on a motion filed by Charlie Rodgers that asked for a reduction, after a hearing on the motion. Irene Rodgers did not respond to the motion or appear at the hearing. Neither was she represented.
 {¶ 3} No objections were filed to the court's order within fourteen days thereafter. Therefore, per Civ.R. 53(E)(4)(a), the order became effective on the date it was entered, December 11, 2000.
 {¶ 4} On March 16, 2001, Irene Rodgers filed a motion to vacate the court's December 11, 2000 order. She argued that the order was void for lack of jurisdiction because she had no notice of the motion that Charlie Rodgers filed, the hearing on the motion, or the court's adoption of its magistrate's decision.
 {¶ 5} The trial court denied Irene Rodgers' motion to vacate on July 1, 2001, without a hearing. The court stated that, assuming the motion was a Civ.R. 53(E)(3) objection, it was not filed within fourteen days after it had adopted the magistrate's decision, and was therefore untimely. Even so, the court went on to find that the magistrate's decision to reduce support arrearage payments was supported by the record. Alternatively, the court held that if Irene Rodgers' motion was grounded on Civ.R. 60(B), it failed to satisfy the tripartite test of GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146. The court stated no basis for that finding, however.
 {¶ 6} Irene Rodgers, now represented by the Montgomery County Support Enforcement Agency, filed a timely notice of appeal from the trial court's order. She presents two assignments of error for review. The second assignment will be addressed first because it disposes of the issues presented.
 SECOND ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED IN APPLYING CIV.R. 60(B) AND THE CIV.R. 53(E) 14 DAY OBJECTION REQUIREMENTS IN DENYING THE APPELLANT'S MOTION TO VACATE."
 {¶ 8} The motion that Irene Rodgers filed on March 16, 2001 was captioned a "motion to vacate." Though the motion did not cite Civ.R. 60(B), expressly, it argued, in considerable factual detail, that the court had lacked jurisdiction to proceed on the motion that Charlie Rodgers filed seeking a payment reduction because Irene Rodgers had no notice of it. Such a failure of due process may be the basis of a motion to vacate filed pursuant to Civ.R. 60(B)(5). Ries Flooring Co., Inc. v.Deleno Construction Co. (1977), 53 Ohio App.2d 255.
 {¶ 9} We see no basis to find that the motion filed on behalf of Irene Rodgers was presented as an objection to the trial court's interim order adopting the decision of its magistrate. Therefore, the trial court ought not to have denied the motion on that basis, as both untimely and lacking merit. The court should have instead considered the motion only as one filed pursuant to Civ.R. 60(B), notwithstanding the motion's failure to cite that particular rule.
 {¶ 10} If a motion filed pursuant to Civ.R. 60(B) contains allegations of operative facts which would warrant Civ.R. 60(B) relief, the trial court should hold an evidentiary hearing before ruling on the motion. Coulson v. Coulson (1983), 5 Ohio St.3d 12; "[T]he trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19.
 {¶ 11} Without reviewing its particulars, which are set out in detail, we find that the motion that was filed on behalf of Irene Rodgers on March 16, 2001 by the Support Enforcement Agency contains sufficient operative facts which, if true, could warrant Civ.R. 60(B) relief under the standards set out in GTE Automatic Electric v. ARC Industries, Inc. Therefore, the trial court abused its discretion when it denied the relief requested without an evidentiary hearing.
 {¶ 12} The second assignment of error is sustained.
 FIRST ASSIGNMENT OF ERROR {¶ 13} "THE TRIAL COURT ERRED IN UPHOLDING THE MAGISTRATE'S DECISION AND PERMANENT ORDER AS THE COURT'S CONTINUING JURISDICTION HAD NOT BEEN INVOKED AS MANDATED BY CIV.R. 75(J)."
 {¶ 14} This assignment of error is predicated on the same failure of notice claim on which Plaintiff-Appellant's Civ.R. 60(B) motion was based. It may properly be resolved by the ruling on that motion that our resolution of the first assignment of error requires. This first assignment of error is rendered moot, as a result. Therefore, we exercise our discretion pursuant to App.R. 12(A)(2) and decline to consider it.
 Conclusion {¶ 15} Having sustained the second assignment of error, we will reverse the order from which this appeal was taken and remand for further proceedings on Plaintiff-Appellant's motion to vacate, consistent with this opinion.
WOLFF, P.J. and BROGAN, J., concur.