{¶ 30} I respectfully dissent.
 {¶ 31} The majority holds that the court erred and denied Shikner his due process rights by granting "default judgment" because the notice requirements of Civ.R. 55 were not satisfied, and S P failed to make a written motion for default judgment, as required by Local Rule VI(A). I disagree.
 {¶ 32} Contrary to the majority's conclusion, Shikner did not raise these issues in the trial court. Ordinarily, "an appellate court will not consider any error which [the complaining party] could have called * * * to the trial court's attention at a time when such error could have been avoided or corrected * * *."State v. Glaros (1960), 170 Ohio St. 471, at paragraph one of the syllabus. Such errors are waived and cannot be raised upon appeal. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43. However, even if this court is required to address these issues, I would nevertheless hold, that appellant was not denied his due process rights under the facts of this case.
 {¶ 33} It is well-settled that the fundamental requirements of procedural due process are adequate notice and an opportunity to be heard. In re Adoption of Greer, 70 Ohio St.3d 293, 301,1994-Ohio-69, citing Cleveland Bd. of Education v. Loudermill
(1985), 470 U.S. 532, 542.
 {¶ 34} In the instant matter, S P's counterclaim was for money damages resulting from Shikner's use of S P's American Express account for personal expenses. S P's counterclaim was an independent claim for relief against an opposing party, which did not depend on the success or failure of Shikner's original complaint, and was the only surviving claim following Shikner's voluntary dismissal of his original complaint. See AllianceGroup, Inc. v. Rosenfield (1996), 115 Ohio App.3d 380, 388, ("[a] counterclaim, properly filed and served, prior to the dismissal of the complaint, that states a legally sufficient basis to confer jurisdiction on the court survives the dismissal.")
 {¶ 35} Civil Rule 7 governs pleadings and provides in relevant part, that "there shall be * * * a reply to a counterclaim denominated as such." Civ.R. 7(A) (emphasis added). Civil Rule 12 governs defenses and objections, and states, in relevant part, that "[t]he plaintiff shall serve his reply to a counterclaim in the answer within twenty-eight days after service * * *, and that "[e]very defense, in law or fact, to a * * * counterclaim * * * shall be asserted in the responsive pleading thereto * * *." Civ.R. 12(A)(2) and (B). Civ.R. 8(C) states that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an * * * affirmative defense." Civ.R. 8(B) states that "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Civ.R. 8(D) states that the effect of a failure to deny the averments made in a pleading, "other than those as to the amount of damage, are admitted when not denied * * *." Thus, the burden is clearly on the answering party to specifically set forth those portions of the averments in the complaint which the defendant intends to deny, otherwise, they are deemed admitted. Coburn v. Grimshaw (Jun. 27, 1995), 4th Dist. No. 94CA 2278, 1995 Ohio App. LEXIS 2870, at *7.
 {¶ 36} There is no dispute that Shikner failed to file an answer to S P's counterclaim in the intervening eleven months
between when he voluntarily agreed to transfer venue to the Lake County Court, up until the time the matter proceeded to trial on June 8, 2005. His failure to respond to the counterclaim waived all affirmative defenses. The record at trial reveals that, after the court was notified by appellee that Shikner had failed to file an answer, Shikner's attorney requested leave to amend his pleading pursuant to Civ.R. 15.
 {¶ 37} A decision whether to grant a motion for leave to file a pleading out of rule is within the sound discretion of the trial court, and an appellate court will not reverse the trial court's decision absent an abuse of this discretion. CincinnatiSpring Svc. v. Meister Sand Gravel, Inc. (Jun. 3, 1991), 12th Dist. Nos. CA90-06-112, CA90-06-126, 1991 Ohio App. LEXIS 2556, at *3-*4, citing Jenkins v. Clark (1982), 7 Ohio App.3d 93, 95. An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted).
 {¶ 38} "Civ.R. 15 discusses amendment of pleadings that havealready been timely filed[,]" on the other hand, "Civ.R. 6(B) governs when a party wishes to file a pleading out of time, and it clearly requires a finding of excusable neglect." CincinnatiSpring, 1991 Ohio App. LEXIS 2556, at *5. "A sufficient showing of excusable neglect is a necessary prelude to the granting of a motion to file an answer made after the period of time provided in Civ.R. 12 * * * for filing such answer." Jenkins,7 Ohio App.3d at 95. Based on the record before us, Shikner made no showing of excusable neglect. Thus, the trial court did not abuse its discretion by not allowing Shikner leave to plead on the date trial on the merits commenced.
 {¶ 39} With respect to the majority's holding that the trial court granted a default judgment in violation of the requisite notice provision, we note that the matter proceeded to trial atwhich both parties were present. It is only through the most liberal reading of the trial transcript that one could conclude that S P's counsel orally moved for a default judgment.
 {¶ 40} However, even if the majority's position were accepted as true, appellant has failed to demonstrate how the trial court's actions prejudiced him. It is well established that the seven day notice provision in Civ.R. 55, "was not intended to prevent a trial court from proceeding to enter a judgment in a case that is at issue and set for trial * * * and a party absents himself from the trial." Ohio Valley Radiology Assoc., Inc. v.Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 123, quotingRies Flooring Co., Inc. v. Dileno Construction Co. (1977),53 Ohio App.2d 255, 265 (Corrigan, J., dissenting). That is precisely what occurred here.
 {¶ 41} After Shikner and his attorney voluntarily left the proceedings, the trial court proceeded ex parte, at which time S P adduced evidence of the American Express billing statements, along with the amounts of the personal charges attributable to Shikner. The billing statements contained Shikner's initials next to each of the relevant charges. Nowhere in the record of the trial court does Shikner ever contest his liability for the charges, merely the extent of the damages.[1]
 {¶ 42} It is likewise well-settled that a defendant in default on the pleadings retains "a right to appear * * * at a trial of the cause for the assessment of damages, to object to the introduction of evidence that is improper and to participate in the trial in an effort to minimize the damages." Marquis OilCo., Inc. v. Country Estates Health Care, Inc. (Feb. 13, 1979), 7th Dist. No. 1213, 1979 Ohio App. LEXIS 9256 at *3, quotingStockhaus v. K G Trucking Co. (App. 1939), 29 Ohio Law Abs. 24, at paragraph two of the syllabus. However, a litigant's willful and deliberate failure to avail himself of that right does not constitute error. See G. Herschman Architects v.Ringco, Inc. (Dec. 16, 1999), 8th Dist. No. 75174/75175/75321, 1999 Ohio App. LEXIS 6086, at *12 (a court may proceed ex parte where defendant absconded from the hearing rather than remaining in the courtroom and entering his objections at the hearing).
 {¶ 43} Here, Shikner was present at trial, at which time the court listened to arguments from both parties concerning venue and the court's jurisdiction to hear the merits of the counterclaim. After the trial court ruled in favor of S P on its counterclaim, a short recess was declared prior to a hearing on the issue of damages. When the trial reconvened, it was determined that Shikner and his counsel had deliberately left, so the trial court elected to conduct a hearing as to the issue of damages without them. After evidence was taken, the trial court awarded S P $13,581.00 in damages. Since Shikner deliberately failed to avail himself of his opportunity to contest the extent of damages, he cannot demonstrate that his due process rights were violated in any way.
 {¶ 44} Accordingly, I would affirm the judgment of the Lake County Court of Common Pleas.
[1] To the contrary, a careful review of the record reveals that Shikner admitted in his deposition that he routinely used S P's American Express account for personal charges, pursuant to his employment agreement with the company. Shikner further admitted that he did, in fact, owe the company for personal charges made on the account. Shikner only disagreed as to theamount of money owed.