

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANTHONY J. CANN

    Plaintiff

    v.

YOUNGSTOWN STATE UNIVERSITY

    Defendant

Case No. 2012-01503-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} 1) On January 27, 2012, plaintiff, Anthony J. Cann, filed a complaint against defendant, Youngstown State University. Plaintiff asserted on August 19, 2011 at approximately 2:50 p.m., he sustained personal and property damages as the result of a gate arm located at the defendant's parking area striking him as he was leaving on his motorcycle.

{¶2} 2) Plaintiff asserts his motorcycle was damaged by defendant's personnel after he left the scene of the incident in an ambulance. Plaintiff contends the motorcycle was "dropped by YSU employees," whereby causing "multiple scratches, dents and functional damage." Plaintiff informed the court he is insured by Progressive Insurance and has a $500 deductible.

{¶3} 3) Plaintiff also contends he sustained physical injury as the result of the gate arm striking him in the helmet as he sat atop his motorcycle. A "Case History and Accident Questionnaire" which he attached to his complaint revealed that as the result of the incident he suffered dull neck pain and stiffness, facial pain, pain around

the ribs, mid back pain and stiffness, low back pain and stiffness, as well as "multiple lacerations to the lower lip/upper mouth and chin."  Plaintiff also related he incurred ambulance and emergency room charges as well as future expenses for "follow up doctor and chiropractor bills."  Plaintiff did not include a prayer amount covering his current or future expenses.

{¶4}   4)     Defendant submitted an investigation report acknowledging that the event occurred as plaintiff described in the complaint.  However, defendant could not respond to any allegation concerning personal and property damage since the complaint was void of any medical bills or motorcycle repair estimates.  Defendant requests that plaintiff's claim be transferred to the judicial docket since it appears from his pleadings that plaintiff's damages will far exceed the statutory amount of an Administrative Determination.

{¶5}   5)     Plaintiff filed a response to defendant's investigation report.  Plaintiff contended that defendant erroneously stated his motorcycle was damaged by the gate arm, when in fact his bike was damaged by the negligent actions of defendant's agent, Mr. Manning.  While plaintiff presented medical reports compiled at Northbridge Hospital and Trumbull Mahoning Medical Group, he did not submit any billing statements.

{¶6}   6)     With respect to damages, plaintiff stated the following:

{¶7}   "I Anthony J. Cann request that I be awarded the maximum prayer amount which is allowed by this administrative docket of $2500.00.  This will cover the deductible and all out of pocket expenses that I have paid to this point.  It will also reimburse my future medical maintenance because of the accident and injury (chiropractic visits/doctor visits, travel, and fuel)."

{¶8}   7)     On July 18, 2012, this court issued an entry requiring plaintiff to submit proof of his damages.

{¶9} 8)      On August 18, 2012, plaintiff submitted a filing in compliance with this court's entry.  Plaintiff submitted documentation which revealed that plaintiff had a $500.00 deductible with his insurance carrier, Progressive Insurance.  Plaintiff related that all hospital/emergency room bills were paid in full by his insurance carrier.  Plaintiff asserted he incurred ambulance expenses in the amount of $981.29, of which $528.85 was paid by insurance leaving a balance of $452.44.   Plaintiff contends he was responsible for the payment of this amount "if medical mutual or rural metro does not pay."  Plaintiff alleges this future obligation is proved by "(Phone conversation, Billing, Rural Metro)," however no supporting documentation, other than his handwritten notation on the billing statement, is contained in the response.

{¶10} 9)      Plaintiff also seeks reimbursement for medical records, $23.36; chiropractic expenses incurred at Hafely Chiropractic, Inc. from December 31, 2011 through January 16, 2012 and April 4, 2012 through April 27, 2012, $205.45; two expenses he characterizes as "Upper GI" in the total amount of $119.89, however, no billing statements for these services are contained in the claim file; and travel expenses in the amount of $60.00.

{¶11} 10)     Finally, plaintiff states:

{¶12} "As for the necessity of treatments in the future:

{¶13} "(See Evidence/Proof G [Chart Notes-Christopher M. Hafely} PG. 1-2 See Assessment & Prognosis;]) Which clearly shows a re-occurrence for flare-ups and the need for future treatments, due to the injuries incurred onto (Anthony J. Cann) by Youngstown State University (Physical/Personal injury) on AUGUST 19, 2011.

{¶14} "The determination for future costs are substantial enough for me to request that I be awarded the maximum prayer amount of $2500.00.  That amount will help to cover the future costs which will be incurred over the next several years. (Chiropractic/Medica/Gas/Deductable)  as  mentioned  in  my  response  to  the

investigation." (sic)

{¶15} 11)    Defendant did not respond to the documentation submitted by plaintiff.

CONCLUSIONS OF LAW

{¶16} 1)    The traffic gate and the mechanism which governs it is under the exclusive control of defendant.  Thus, defendant will be liable for any malfunction which causes damages.  *Han v. Traffic Department, Ohio State University*, 81-04575-AD (1981).

{¶17} 2)    Plaintiff has proven defendant is liable for his personal injury and property loss.  *Baisden v. Southern Ohio Correctional Facility*, 76-06147-AD (1977); *Stewart v. Ohio National Guard*, 78-0342-AD (1979).

{¶18} 3)    R.C. 2743.02(D) states:

{¶19} "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant.  This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code.  The collateral benefits provided in division (B)(2) of that section apply under those circumstances."

{¶20} In accordance with this provision, R.C. 3345.40(B)(2) applies to the instant claim.

{¶21} 4)    R.C. 3345.40(B)(2) states in relevant part:

{¶22} "If a plaintiff receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against the state university or college recovered by plaintiff."

{¶23} 5)    As trier of fact, this court has the power to award reasonable

damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility*, 61 Ohio Misc. 2d 239, 577 N.E. 2d 160 (Ct. of Cl. 1988).

{¶24} 6)     Damages in a claim such as this are assessed as the natural and proximate result of defendant's negligent act.  *Blank v. Snyder*, 33 Ohio Misc. 67, 291 N.E. 2d 796 (M.C. 1972).  The assessment of damages is a matter within the province of the trier of fact.  *Litchfield v. Morris*, 25 Ohio App. 3d 42, 495 N.E. 2d 462 (10th Dist. 1985).  Where the existence of damage is established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability.  *Brewer v. Brothers*, 82 Ohio App. 3d 148, 611 N.E. 2d 492 (12th Dist. 1992).  Only reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio*, 102 Ohio App. 3d 782, 658 N.E. 2d 31 (12th Dist. 1995).  The trier of fact finds compensable damages in the present claim are represented by plaintiff's motorcycle deductible, unreimbursed chiropractic expenses, medical record expenses and travel expenses for a total award of $788.81.  Plaintiff failed to prove he incurred unreimbursed ambulance expenses.

{¶25} 7)     Plaintiff has failed to submit documentation which proves he incurred "Upper GI" expenses of $119.89.

{¶26} 8)     Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as:  "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{¶27} 9)     "The general rule on the subject (future damages) is stated, as follows, in the annotation, 115 A. L. R., 1149, at page 1150:

{¶28} "* * * That is, [HN1] if the injury is of an objective nature (such as the loss of an arm, leg, or other member) the jury may draw their conclusions as to future pain

and suffering from that fact alone (the permanency of such injury being obvious); whereas there must be expert evidence as to future pain and suffering or permanency where the injury is subjective in character. See, also, 15 American Jurisprudence, 815, Damages, Section 377.

{¶29} "A leading Ohio case, *Tully* [***7] *v. Mahoning Express, Co., Inc.*, 161 Ohio St., 457, follows the same reasoning and expresses the [*87] rule that expert medical testimony is necessary to sustain a verdict for future medical expenses . . ." *Day v. Gulley*, 175 Ohio St. 83, 86-87, 191 N.E. 2d 732 (1963).

{¶30} 10)    With respect to an award for future "medical maintenance" ie. chiropractic visits, doctor visits, travel and fuel, the only evidence that the plaintiff provides is the statement of Christopher M. Hafely, D.C., which states:

{¶31} "Prognosis:

{¶32} "The future progress of Mr. Cann is undetermined at this time. The nature of his injury makes in susceptible to these kinds of flare ups and he will likely require follow up treatment in the future." However, this statement does not meet the standard of a reasonable degree of chiropractic certainty to meet the plaintiff's burden to prove he is likely to incur future medical maintenance expenses. See, *Batista v. Ameritech Corp/SBC*, 8th Dist. No. 90133, 2008-Ohio-3067.

{¶33} 11)    Plaintiff is entitled to reimbursement of the $25.00 filing fee pursuant to *Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio Misc. 2d 19, 587 N.E. 2d 990 (Ct. of Cl. No. 1990).



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANTHONY J. CANN

    Plaintiff

    v.

YOUNGSTOWN STATE UNIVERSITY

    Defendant

Case No. 2012-01503-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $813.81, which includes the filing fee. Court costs are assessed against defendant.

                                   DANIEL R. BORCHERT
                                   Deputy Clerk

Entry cc:

Anthony J. Cann
454 Yvonne Drive
Youngstown, Ohio  44505

Holly Jacobs, General Counsel
Youngstown State University
One University Plaza
Youngstown, Ohio  44555

DRB/laa

filed 12/5/12
sent to S.C. Reporter  1/30/13